### INTERNATIONAL EXCH. BANK v. PULLO.

(Court of Appeals of District of Columbia. Submitted October 24, 1922. Decided December 4, 1922. Rehearing Denied December 30, 1922.)

No. 3796.

1. **Appeal and error ⚙➔330(2)—Appellate court can substitute assignee as plaintiff.**

   Where, pending a writ of error in the Court of Appeals, the plaintiff had assigned all his interest in the subject-matter of the action to another, the Court of Appeals can permit the assignee to be substituted as plaintiff, though the Code contains no specific provision therefor.

2. **Landlord and tenant ⚙➔86(1)—Option to renew lease does not give right at law to retain possession.**

   An option to the lessor to renew his lease for a similar period on the same terms does not give him any right at law to retain possession of the premises as against his landlord, but gives him only an equitable right for specific performance of the contract for renewal.

3. **Courts ⚙➔188(3)—Statute authorizing equitable defenses does not apply to municipal court action.**

   Code, § 1535c, as amended April 19, 1920, providing that in all actions at law equitable defenses may be interposed by plea or replication, applies only to actions in courts which already possess jurisdiction over equitable causes, and therefore does not permit a tenant in summary proceedings against him in the municipal court to set up his equitable right to retain possession under an option for renewal of the lease.

<hr>

⚙➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the Municipal Court of the District of Columbia.

Landlord and tenant proceeding by the International Exchange Bank, a corporation, against Vincent Pullo to recover possession of leased premises. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Thomas H. Patterson, of Washington, D. C., for plaintiff in error. D. Edward Clarke, of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This case was begun in the municipal court, with the International Exchange Bank as plaintiff, and Vincent Pullo as defendant. It was brought as a landlord and tenant proceeding to recover possession of certain real estate situate within the District of Columbia. A trial was had, and judgment was entered against the plaintiff. This proceeding in error was thereupon begun to secure a reversal of the judgment.

At present there are two controlling questions which appear in the case. The first one arises from the fact that during the pendency of this proceeding in error, the premises in question, together with the claim for the possession thereof, were transferred and conveyed by the plaintiff in error to the Liberty Building Company, a corporation which is not a party in this case. And now both the plaintiff in error and its transferee pray the court for an order for the substitution of the latter company in the place of the former as plaintiff in error herein, and that the case may proceed to judgment accordingly. The defendant in error objects to that application.

[1] In answer to this question we may say that, while the District Code contains no specific provision upon this subject, we believe nevertheless that this court possesses the authority, in the interest of justice and in the exercise of sound discretion, to allow such a substitution of parties upon the record. In Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, the Circuit Court permitted the filing of an amended declaration wherein one sole plaintiff was substituted in the place of a former sole plaintiff in the case, the cause of action however otherwise remaining the same. This was assigned as error in the Supreme Court, but the court said:

"We do not think the first assignment of error well taken. Amendments are discretionary with the court below, and not reviewable by this court."

We may quote also from 2 R. C. L. p. 69, as follows:

"In a proper case, new parties may be substituted in the appellate court, as where the interest in the subject-matter has been transferred. * * * *"

Also from page 697, Id.:

"At common law it seems to be the rule that an entire change of plaintiffs is not allowable, and this because it is in effect a change of the cause of action. * * * The successor in interest of the original party may be substituted, as where the change in interest is caused by an assignment pendente lite, of the cause of action, and it is not material that the assignee was originally a defendant in the cause."

In the present case it is clear that such a substitution would not prejudice the rights of the defendant in error in any particular, but would tend toward a more speedy and economical adjudication of the present controversy. The order is therefore granted, and the case may proceed with the Liberty Building Company as plaintiff in error, the bank nevertheless remaining liable as before for costs already accrued.

The second question arises upon the plea filed by the defendant in the municipal court and the plaintiff's demurrer thereto. In the plea the defendant averred that he held the premises as tenant under a written lease which provided for a term of two years, and which contained also a stipulation that he should have a right to renew the same. The defendant admitted that the two-year term had already expired, but stated that he had duly demanded a renewal under the stipulation, which, however, the lessor had failed and refused to execute. He claimed, nevertheless, a right to retain possession of the premises under the circumstances. The plaintiff demurred to the plea, but the demurrer was overruled, and judgment was entered upon the plea.

[2] We think that this action of the municipal court was erroneous. The defendant's alleged right to renew the lease did not serve per se as an extension of the demised term, nor did it give the tenant a right at law to retain possession of the premises after the expiration of the original term; for under such circumstances the tenant's remedy would be in equity, or in an action upon the covenant. Wood on Landlord and Tenant, § 413, p. 942. Therefore, since the tenant's right to a specific performance of the renewal covenant was cognizable in equity only, it follows that the municipal court could not give it effect as it attempted to do in the present case; for under its organic act that court was limited to such jurisdiction as was vested in justices of the peace immediately before the passage of the act.

[3] It is contended, however, on behalf of the defendant below, that he is entitled to interpose equitable as well as legal defenses in his plea to the petition. As authority for this claim, section 1535c of the District Code, as amended April 19, 1920, is cited. That section reads as follows:

"Sec. 1535c. *Equitable Defenses at Law.*—In all actions at law equitable defenses may be interposed by plea or replication."

We think, however, that the language of the foregoing amendment, if taken together with the cognate sections 1535a and 1535b, discloses that Congress did not intend thereby to enlarge the jurisdiction of the municipal court, by enabling it to entertain and enforce equitable pleas. It should be noted that the amendment is not limited to pleas in landlord and tenant proceedings only, but applies as well to pleas and replications in "all actions at law," and also that in landlord and tenant proceedings such equitable pleas would not be limited to claims for renewal only, but might present any other equitable claims which would tend to defeat the action. Under such an interpretation of section 1535c, the municipal court would be given general equitable jurisdiction when dealing with defenses to actions. If Congress had intended to effect so radical a change in the jurisdiction of that court, it is rea-

sonable to believe that the purpose would be expressed in more specific terms than those employed in the given section. The true legislative intent manifestly was to simplify the practice as between legal and equitable procedure in those courts in the District which already possessed jurisdiction over equitable causes. The section therefore does not furnish authority for the procedure now in question.

The petition in error is accordingly sustained, the judgment below reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.