### SAMBATARO v. CAFFO et al.

Court of Appeals of District of Columbia. Submitted May 3, 1927. Decided May 26, 1927.

No. 4563.

1. **Injunction** ⬤⟹26(9)—**Specific performance** ⬤⟹64—**Lessee, suing for specific performance of agreement to renew lease and to enjoin lessor's action for possession, held without adequate remedy at law.**

Where three-year lease contained covenant for renewal for like term, and provided that it was transferable when the business was sold, and where lessor, when notified of lessee's election to renew, informed lessee that it was not necessary, because lease "renewed itself by reason of its terms," but after expiration of lease gave 30 days' notice to vacate, *held*, lessee did not have a plain, adequate remedy at law, precluding his maintenance of suit to enjoin lessor from bringing action, in municipal court or elsewhere, for recovery of premises, and, if need be, to compel specific performance of agreement to renew.

2. **Action** ⬤⟹69—**Lessee's suit to enjoin lessor from suing for possession held improperly stayed to await lessor's action in municipal court (Code, § 1535c, as amended by Act March 4, 1923 [42 Stat. 1506]).**

Lessee's suit in Supreme Court to enjoin lessor from bringing action for possession of premises, and, if need be, to compel specific performance of contract to renew lease, *held* improperly stayed to await action in municipal court, on theory that, under Code, § 1535c, as amended by Act March 4, 1923 (42 Stat. 1506), municipal court could hear equitable defense, since in any event that court would be without jurisdiction to grant the affirmative relief in the nature of a decree for specific performance.

Martin, Chief Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Suit by Antonine Sambataro against Domenico Caffo and another. From a decree staying plaintiff's cause to await action of municipal court, plaintiff appeals. Decree reversed, and cause remanded, with directions.

H. W. Wheatley, of Washington, D. C., for appellant.

E. F. Colladay and J. C. McGarraghy, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a special appeal from a decree in the Supreme Court of the District of Columbia staying appellant's cause in that court. On August 16, 1922, appellees executed a lease of premises No. 347 Cedar street, Takoma Park, D. C., to take effect September 1, 1922, and to run for a term of three years, with the following renewal privilege: "And it is further agreed between the parties of the first part [appellees] and the party of the second part [appellant] that this lease may be renewed for three more years at the expiration of this present lease, and is transferable when the business is sold."

Appellant conducted a shoemaker shop on the leased premises and seasonably notified appellees of his election to renew the lease. Appellees' agents informed appellant "that there was no necessity for a renewal of said lease, because the lease renewed itself, by reason of its terms." After the expiration of the original term, appellant continued to pay rent as before. Finally appellees notified appellant that they desired possession of the premises for the purpose of conducting a shoe repair place thereon. This was followed by a 30 days' notice to vacate. Thereupon appellant filed his bill, setting out the foregoing facts, and praying that the court enjoin appellees from bringing action, in the municipal court or elsewhere, for recovery of possession of the premises until the expiration of the renewal term granted by the lease. The bill also prayed that, if need be, appellees be required to execute a renewal of the lease in accordance with its tenor, and for general relief.

A motion to dismiss was filed, for want of equity in the bill, and because upon its face appellant, if entitled to any relief, had a plain and adequate remedy at law. The court overruled the motion to dismiss, but, "being of the opinion that the municipal court has jurisdiction under section 1535c of the Code of Law for the District of Columbia, to consider a plea upon equitable grounds based upon the facts set forth in the bill of complaint, concurrently with this court," stayed the case, "to await the action of the municipal court, on such plea being filed."

[1, 2] That appellant in his bill stated a cause for equitable cognizance is plain, and it is equally plain that, if the averments of his bill are supported by requisite proof, he will be entitled to a decree for specific performance. Why, then, should the equity court, having first acquired jurisdiction, defer action to await the bringing of another proceeding in a court of inferior jurisdiction?

The learned trial justice evidently based his opinion upon the Act of March 4, 1923, 42 Stat. 1506, providing that "hereafter section 1535c of the Code of Law for the District of Columbia, permitting equitable defenses to be interposed in actions at law, shall be applicable to proceedings now pending in the municipal court of the District of Columbia as well as to actions hereafter brought in said court."

In International Exch. Bank v. Pullo, 52 App. D. C. 199, 285 F. 933, we ruled that the language of section 1535c, Code, did not disclose an intent on the part of Congress to enlarge the jurisdiction of the municipal court, because that court was without general equitable jurisdiction. While the amendment of March 4, 1923, followed, it will be observed that this amendment merely permitted equitable defenses to be interposed in the municipal court. There was no attempt to clothe that court with general equitable jurisdiction. While the defendant, in an action of ejectment, therefore might interpose an equitable defense, the court would be without jurisdiction to grant affirmative relief in the nature of a decree for specific performance. Inasmuch as appellant, under the terms of the lease, was not only entitled to a renewal for the period of three years, but privileged to transfer the lease if he sold the business, we think it apparent that a decree for specific performance would constitute a more adequate remedy than a negative decree in an action of ejectment.

The decree is reversed, with costs, and the cause remanded, with directions to restrain action in the municipal court, pending final decree in the court below.

Reversed and remanded.

MARTIN, Chief Justice, dissents.