**KLEPINGER et al. v. RHODES.**

No. 8560.

United States Court of Appeals
District of Columbia.

Argued Jan. 17, 1944.

Decided Feb. 11, 1944.

Mr. Patrick H. Loughran, of Washington, D. C., for appellants.

Mr. Jacob N. Halper, of Washington, D. C., submitted on the brief for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

In this action plaintiffs sued in the District Court for the District of Columbia to have a trust impressed upon funds amounting to $1,980, or, in the alternative, for a money judgment. The defendant moved for a dismissal on the ground that the amount claimed is not within the jurisdiction of the District Court. The court dismissed the action because the complaint failed to state a cause of action in the nature of equity. Plaintiffs appeal.

We need not decide whether the complaint properly stated a cause of action in equity since the alleged trust amounted to only $1,980 and the District Court, therefore, lacked jurisdiction regardless of whether the complaint would have formerly been denoted a suit at law or a bill in equity.

Section 11—755 of the District of Columbia Code Supp.1943,[1] establishing the present Municipal Court for the District of Columbia, vests in that court exclusive jurisdiction "of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000 * * *." Prior to the enactment of this statute the exclusive jurisdiction of that court extended to all cases not in excess of $1,000 "in all civil cases in which the amount claimed to be due *for debt or damages arises out of contracts, express or implied, or damages for wrongs or injuries to persons or property.*"[2] The change in

---

[1] Act of April 1, 1942, 56 Stat. 192, ch. 207.

[2] D.C.Code 1940, § 11—703, Act of March 3, 1921, 41 Stat. 1310, ch. 125, § 1. (Italics supplied.)

statutory wording has eliminated the requirement that a plaintiff claim *an amount due for debt or damages arising out of contracts,* express or implied, *or damages for wrongs or injuries* to persons or property. The only requirements under the existing statute are that the action be a "civil action" and that it involve personal property, debt, or damages amounting to less than $3,-000.00.

■ The term "personal property" covers choses in action whether they are legal or equitable and the words "civil actions" are generally held to cover both actions at law and actions in equity.[3] This is in accordance with the modern tendency to abolish the outmoded distinction between law and equity. Section 5(b) of the Act creating the existing Municipal Court provides "The Municipal Court for the District of Columbia shall have the power and is hereby directed to prescribe, by rules, the forms of process, writs, pleadings and motions, and practice and procedure in such court, to provide for the efficient administration of justice, and *the same shall conform as nearly as may be practicable to the forms, practice, and procedure now obtaining under the Federal Rules of Civil Procedure.* * * *"[4]

Rule 1 of the Federal Rules, 28 U.S.C.A. following section 723c, provides "These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity * * *." Rule 2 provides "There shall be one form of action to be known as 'civil action'." The definition of "civil action" in the Federal Rules of Civil Procedure thus reinforces the commonly accepted definition. Cases hith-erto denying equity jurisdiction to the Municipal Court are inapplicable since the statute under which those cases were decided did not vest jurisdiction in civil actions generally, but only in specified types of civil actions.[5]

■ We have recently decided that in the enforcement of Municipal Court judgments the traditional distinction between law and equity need not be observed.[6]

Chief Justice Hughes has said: "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances. It is also apparent that in seeking that end we should not be fettered by being compelled to maintain the historic separation of the procedural systems of law and equity. That separation has long been abolished in most of the states, either by the adoption of one form of civil action or by other practical measures of administration. Those who have practiced under such a unified system would not, I think, entertain for a moment the suggestion that they should go back to the old separate methods. It is true that in certain jurisdictions, and in one with which I happen to be especially familiar, the simple form of unified procedure originally adopted came to be overlaid with procedural monstrosities due to legislative tinkering and elaboration. Such experiences have taught a lesson, and in the improvement we contemplate in the federal system we shall have the advantage of the simplicity and flexibility made possible by the exercise on the part of the Court of its rule-making power."[7]

Affirmed.

---

[3] Fenstermacher v. State, 1890, 19 Or. 504, 25 P. 142, 143; Rogers v. Bonnett, 1894, 2 Okl. 553, 37 P. 1078, 1079; Lee v. Lang, 1939, 140 Fla. 782, 192 So. 490, 491 (quoting additional authorities).

[4] D.C.Code Supp.1943, § 11—756(b), Act of April 1, 1942, 56 Stat. 193, ch. 207. (Italics supplied)

[5] Sambataro v. Caffo, 1927, 57 App.D.C. 260, 20 F.2d 276; see International Exch. Bank v. Pullo, 1922, 52 App.D.C. 199, 285 F. 933.

[6] Rowe v. Colpoys, —— U.S.App.D.C. ——, 137 F.2d 249, 1943.

[7] Address of Chief Justice Hughes, 12 Proceedings Am.Law Institute, 54, 57, 58 (as quoted in Rowe v. Colpoys, supra, note 6, 137 F.2d at page 250, n. 10).