## RIDGLEY v. UNITED STATES.

### No. 319.

Municipal Court of Appeals for the District of Columbia.

Dec. 12, 1945.

Maurice A. Guervitz, of Washington, D. C., for appellant.

Floyd L. France, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The question involved on this appeal is whether the Government of the United States may bring a civil action in the Municipal Court for the District of Columbia, to recover upon a debt claim.

The United States of America filed suit in that court against the appellant, alleging that it had leased certain real estate to him and that he owed $269.03 for rent in arrears. Defendant moved to dismiss the action on the ground that the Municipal Court had no jurisdiction to hear it and that exclusive jurisdiction was vested in the United States District Court for the District of Columbia. The trial judge overruled the motion to dismiss and the case proceeded to trial and final judgment against defendant. He appeals, assigning as error the refusal of the trial judge to dismiss the action.

We look first to the Municipal Court Act of April 1, 1942, 56 Stat. 190, Code 1940, § 11—751 et seq. In defining the new jurisdiction of the Municipal Court, Congress said: "* * * The said court shall have exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000 * * *."

There is of course no question that the nature and amount of the claim bring it within the jurisdictional limits of the Municipal Court. Thus the only question to be decided is whether the Municipal Court has jurisdiction over a civil suit brought by the United States as a voluntary party plaintiff.

It will be seen at once that there is not a word in the language just quoted which expressly precludes the United States from asserting its claims in that court. The Act gives the court jurisdiction of civil actions of the character and amount indicated. It does not attempt to bar the Government, any more than any other class of plaintiffs, from availing itself of that jurisdiction.

It is true that the old Circuit Court of the District of Columbia (the original predecessor of our present District Court of the United States) was given jurisdiction of "all actions or suits of a civil nature at common law or in equity, in which the United States shall be plaintiffs or com-

476

plainants." Organic Act for the District of Columbia, 1801, 2 Stat. 103. It is also true that that court was given "all of the powers by law vested in the circuit courts and the judges of the circuit courts of the United States."

In 1863 Congress reorganized and changed the name (but not the jurisdiction) of that court to "supreme court of the District of Columbia." Act of March 3, 1863, 12 Stat. 762. Some fourteen years later Congress revised the laws of the District of Columbia (Act of February 27, 1877, 19 Stat. 240), but the revision did not affect the jurisdiction of the Supreme Court of the District of Columbia. Then, in 1901, Congress enacted a "code of law for the District of Columbia." 31 Stat. 1189. Sections 61 and 84 of that Code provided that the Supreme Court of the District of Columbia should have the same powers as the circuit and district courts of the United States and of the Supreme Court of the District of Columbia as previously existing. Those provisions are again found in the 1929 edition of the "code of law for the District of Columbia" (Title 18, sections 43, 44; 45 Stat. 1540). These sections are in turn identical with sections 11—305 and 11—306 of our latest 1940 District of Columbia Code.

In 1936 Congress again changed the name of the court from "supreme court of the District of Columbia" to "district court of the United States for the District of Columbia," 49 Stat. 1921, Ch. 804. But the change of name did not affect the jurisdiction of the court.

Studying these various congressional enactments we find no language which either expressly or by implication vests the United States District Court with *exclusive* jurisdiction of suits brought by the United States in the District of Columbia.

Section 11—305 of the 1940 Code provides that the District Court shall have the same jurisdiction as the District Courts of the United States. And the Judiciary Act of 1789 (1 Stat. 73, 76, 78) expressly provided in sections 9 and 11 that the circuit and district courts of the United States should have jurisdiction over suits brought by the United States *concurrent with the courts of the states.* This provision was carried into section 4 of the Act of March 3, 1815, 3 Stat. 244. While it was not expressly re-enacted into the present Judicial Code, the principle of concurrent jurisdiction has been recognized and applied by the courts, as we shall see in a moment.

If defendant's position were correct it would mean that the jurisdiction of the District Court is exclusive in such cases and that the Municipal Court has no jurisdiction to entertain any suit brought by the Government of the United States. The Federal courts, and the Supreme Court too, have taken the opposite view of the matter, when jurisdiction of State courts has been questioned. United States v. American Ditch Ass'n, D.C. Idaho, 2 F.Supp. 867; Merryweather v. United States, 9 Cir., 12 F.2d 407; United States v. Bank of New York & Trust Co., 2 Cir., 77 F.2d 866, affirmed, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. The matter has perhaps been stated best in Cotton v. United States, 11 How. 229, 231, 13 L.Ed. 675, in the following language: "It would present a strange anomaly, indeed, if having the power to make contracts and hold property as other persons, natural or artificial, they were not entitled to the same remedies for their protection. The restraints of the Constitution upon their sovereign powers cannot affect their civil rights. Although as a sovereign the United States may not be sued, yet as a corporation or body politic they may bring suits to enforce their contracts and protect their property *in the State courts, or in their own tribunals administering the same laws.* As an owner of property in almost every State of the Union, *they have the same right to have it protected by the local laws that other persons have.* As was said by this court in Dugan v. United States, 3 Wheat. [172], 181 [4 L.Ed. 362], 'It would be strange to deny them a right which is secured to every citizen of the United States.'" (Emphasis supplied.)

It will be remembered that it was "as an owner of property" that the United States instituted this action. But whether as property owner or otherwise, it would be anomalous indeed if the Federal Government could sue to enforce its rights in the courts of every State in the Union, but would, in the District of Columbia where the Government itself is housed, be limited to suing in the United States District Court, despite the existence here of a court created by Congress, and comparable to the State courts.

■ It should also be noted that the Supreme Court long ago decided, and has several times repeated, that restrictions which apply to private litigants do not

operate against the United States unless the words of restriction or limitation are expressly included in the applicable statute. Dollar Savings Bank v. United States, 19 Wall. 227, 22 L.Ed. 80; United States v. Herron, 20 Wall. 251, 22 L.Ed. 275; United States v. Nashville, C. & St. L. R. Co., 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. American Bell Telephone Co., 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255; United States v. Stevenson, 215 U.S. 190, 30 S.Ct. 35, 54 L.Ed. 153; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.

█ We therefore conclude that when Congress gave the District Court jurisdiction of all civil actions brought by the United States, a privilege was conferred, not a restriction imposed on the United States. Had Congress intended that all suits by the United States *must,* and not *may,* be brought in the District Court, it would have made that intention clear. "It is a general rule that the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive." United States v. Bank of New York & Trust Co., 296 U.S. 463, 465, 56 S.Ct. 343, 348, 80 L.Ed. 331.

█ Before closing, we may with profit glance at the history and development of the Municipal Court. It long ago became more than an aggregation of justices of the peace who may or may not have been expected to be "learned in the law." See Schwartz v. Murphy, 72 App.D.C. 103, 112 F.2d 24. More than thirty-five years ago it was established as a new court with jurisdiction up to $500.[1] In 1921 Congress increased that jurisdiction to $1,000 and made it exclusive; it was then also made a court of record, with a system for jury trials.[2] Its powers were again enlarged a little over three years ago by merging with it the Police Court of the District of Columbia, increasing its personnel, raising its exclusive civil jurisdiction to $3,000 and establishing it for all practical purposes as the counterpart of a state court of limited jurisdiction.[3] Moreover its jurisdiction now embraces equitable as well as legal actions. Klepinger v. Rhodes, 78 U.S. App.

D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; Rowe v. Nolan Finance Co., 79 U.S. App. D.C. 35, 142 F.2d 93.

█ The court was given Congressional authority to make rules of practice to conform to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723. Its writs and other process are served by the United States Marshal. Its judges are appointed by the President of the United States, subject to confirmation by the United States Senate; and they are subject to removal only in the manner and for the same causes provided for removal of Federal judges. Thus there would hardly be any persuasive reason for saying that Congress intended to withhold from the Municipal Court the right to sit in judgment of disputes between the Government and its citizens. There is no such restriction in the statute; and we have no right to make such restriction.

One of the avowed purposes of the new legislation was to relieve the United States District Court of the burden of a part of its civil litigation. Neither that purpose nor any other practical purpose would be served by holding that the Municipal Court is open to all plaintiffs except the United States of America.[4] Nor could we do so without doing violence to the oft-repeated decisions of the Supreme Court.

We are not required to say, and we do not say that the jurisdiction of the Municipal Court is exclusive in these cases; it is sufficient to say that the jurisdiction does exist.

We are aware that a Justice of the United States District Court for the District of Columbia has rendered a decision contrary to that which we now announce. United States of America v. Sheriff Motor Company, 63 F.Supp. 685. We have read the memorandum opinion in that case with great care. We cannot reconcile the views there expressed with our own. Therefore, we cannot follow that decision. We see no reason, legal, historical, or practical, for holding other than we do.

Affirmed.

---

[1] 35 Stat. 623, Code 1911, Ch. 1, Sec. 2.

[2] 41 Stat. 1310, Code 1929, tit. 18, § 193.

[3] 56 Stat. 190, Code 1940, 11—751 et seq.

[4] Government counsel in the course of his argument represented to us that several hundred such cases are filed by the United States in the Municipal Court each year.