## HENDERSON v. E STREET THEATRE CORPORATION.

No. 680.

Municipal Court of Appeals for the District of Columbia.

Nov. 4, 1948.

Rehearing Denied Nov. 20, 1948.

James A. Cobb, of Washington, D. C. (George E. C. Hayes and Leon A. Ransom, both of Washington, D. C., on the brief), for appellant.

James M. Proctor, Jr., of Washington, D. C. (Robert E. Kline, Jr., of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant Henderson attempted to purchase from appellee two tickets for a performance at the National Theatre and tendered the price fixed therefor. The sale was refused upon the ground that the appellant was a Negro and that it was against the theatre's policy to admit Negroes. Thereupon this action was brought against the appellee under an act of Congress of March 1, 1875,[1] commonly known as the Civil Rights Act, to recover a penalty of $500 prescribed by the Act for its violation.

The Civil Rights Act, in section 1, provided that "all persons within the jurisdiction of the United States" shall be entitled to the full and equal enjoyment of various accommodations and facilities, including theaters, subject only to the conditions and limitations established by law, and applicable alike to citizens of every race and color, regardless of any previous condition of servitude. Section 2 of the Act provided that anyone violating it "shall, for every such offense, forfeit and pay the sum of five hundred dollars to the person aggrieved thereby, to be recovered in an action of debt, with full costs;" and

shall also for every such offense be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than $500 nor more than $1,000, or shall be imprisoned not less than 30 days nor more than one year. In section 3 of the Act it was provided that "the district and circuit courts of the United States shall have, exclusively of the courts of the several States, cognizance of all crimes and offenses against, and violations of, the provisions of this act; and actions for the penalty given by the preceding section may be prosecuted in the territorial, district, or circuit courts of the United States wherever the defendant may be found, without regard to the other party * * *."

Appellee moved that the action be dismissed upon the dual grounds that the Municipal Court lacked jurisdiction and that the act in question had been held unconstitutional by the Supreme Court of the United States. Although the trial judge expressed doubt of his jurisdiction, he acceded to request of counsel for both parties that he take jurisdiction, and after argument dismissed the action upon the ground that the statute was unconstitutional.

Appeal was taken from this order of dismissal, but the jurisdictional issue was not assigned as error or otherwise questioned. It is well settled, however, that jurisdiction of the subject matter of a case may neither be assumed by a court nor conferred upon it by consent or silence of the parties.[2] It may be raised at any stage of the proceedings and hence this court raised the question sua sponte at oral argument.[3]

Appellant maintains that the Municipal Court has jurisdiction under the terms of the statute of 1942 giving to that court "exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed * * * does not exceed the sum of $3,-000 * * *."[4]

[1] 18 Stat. 335.

[2] See United States v. Corrick, 298 U. S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; 1425 F Street Corporation v. Jardin, D.C.Mun. App., 53 A.2d 278.

[3] Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71; Central States Co-ops. v. Watson Bros. Transp. Co., 7 Cir., 165 F.2d 392.

[4] Code 1940, Supp. V, 11—755 (a);

Appellee, on the other hand, urges that in the District of Columbia jurisdiction of this class of actions is vested exclusively in the United States District Court for the District of Columbia as the successor to the United States district and circuit courts. In support of this position he points to section 3 of the Civil Rights Act, quoted above, and to section 371 of the Judicial Code,[5] providing that the jurisdiction vested "in the courts of the United States" in certain classes of cases, including "all suits for penalties and forfeitures incurred under the laws of the United States" shall be "exclusive of the courts of the several States." He also relies upon section 41(9) of the Judicial Code [5] giving to district courts of the United States original jurisdiction in various classes of cases, including those for the enforcement of "penalties and forfeitures" incurred under any laws of the United States.

We do not believe, as urged by appellant, that the jurisdictional question turns on whether the Municipal Court is a court of the United States. The Civil Rights Act did not confer jurisdiction upon United States courts in general, but, so far as actions for the penalty were concerned, it gave jurisdiction specifically to the "territorial, district, or circuit courts of the United States." The United States District Court for the District of Columbia is the only successor in this jurisdiction to former United States circuit and district courts. It is obvious, also, that the Municipal Court for the District of Columbia is not a territorial court. It is likewise true, however, that the jurisdiction of the federal district, circuit and territorial courts was by the act made exclusive only so far as state courts were concerned, and the District of Columbia is not a state.[6] Thus the existence of jurisdiction over such cases in United States district, circuit and territorial courts does not neces- sarily mean that such jurisdiction is exclusive in relation to the Municipal Court any more than the fact that United States district courts have jurisdiction over suits brought by the United States excludes the jurisdiction of the Municipal Court in a proper case. That court has jurisdiction in such suits brought by the United States.[7]

The question is thus reduced to the one of whether the jurisdiction conferred upon the Municipal Court is sufficiently broad to cover the present suit. We believe that it is not so broad. In Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, it was emphasized that, as presently constituted, the only jurisdictional requirements for that court are that the action be a "civil action" and that it involve personal property, debt, or damages amounting to less than $3,000. It is true that the Civil Rights Act provided that the $500 penalty was to be recovered "in an action of debt", but, as has been said by the Supreme Court wtih respect to another statute for the collection of a statutory penalty, a similar phrase contained in that act "would seem to refer to the form of the action, rather than to the forum." Lees v. United States, 150 U.S. 476, 479, 14 S.Ct. 163, 164, 37 L.Ed. 1150. That case traced the history of suits for penalties and forfeitures incurred under the laws of the United States. It pointed out that from the earliest history of the government jurisdiction over such actions had been placed in the federal district courts and that the 9th section of the Judiciary Act of September 24, 1789, 1 Stat. 76, gave such court "exclusive original cognizance" of all such suits. It then pointed out that, while the word "exclusive" had been omitted subsequently, jurisdiction in such district courts had been continued except where placed elsewhere by special acts. The court reached the conclusion that "when, as here, a statute

---

Code 1940, 11—703; see Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568.

[5] 28 U.S.C.A. §§ 41(9), 371 [now § 1355].

[6] Hepburn and Dundas v. Ellzey, 1805, 2 Cranch 445, 2 L.Ed. 332; Barney v. City of Baltimore, 1867, 6 Wall. 280, 18 L.Ed. 825; Hooe et al. v. Jamieson et al., 166 U.S. 395, 17 S.Ct. 596, 41 L.Ed. 1049; Central States Co-ops. v. Watson Bros. Transp. Co., supra.

[7] Wittek v. United States, 83 U.S.App. D.C. 77, 171 F.2d 8, decided Sept. 27, 1948.

imposes a penalty and forfeiture, jurisdiction of an action therefor would vest in the district court, unless it is in express terms placed exclusively elsewhere." The same result is compelled by the rule that as applied to all cases which require the exercise by an inferior federal court of the judicial power conferred by Article III of the Constitution, a general federal venue statute is exclusive in its operation.[8]

We believe that the same reasoning applies in the present situation and hence that where Congress specifically placed jurisdiction of such cases in courts which have now become merged in the United States District Court for the District of Columbia such jurisdiction should be deemed exclusive in the absence of unequivocal language giving at least concurrent jurisdiction to another court. No such jurisdiction in such cases has been given to the Municipal Court.

While we have concluded that the Municipal Court did not have jurisdiction of the action, we shall state our opinion on the merits of the case as under certain circumstances a further resort to this court thus may be saved.

The statute in question was twice passed upon by the Supreme Court and both times held unconstitutional. In the first instance, The Civil Rights Cases, 109 U.S. 3, 3 S. Ct. 18, 27 L.Ed. 835, the Court held that Congress had exceeded its powers in passing this law and had invaded the reserved powers of the several states. Fundamentally it held that the Fourteenth Amendment to the federal Constitution relied upon in support of the act is prohibitory in its character and prohibitory upon the states, and that it did not endow the Congress with power to legislate upon subjects which are within the domain of state legislation. However, the decisions were restricted in their application to the several states, and the application of the statute to the District of Columbia and the federal territories was specifically reserved.

The statute again reached the Supreme Court some thirty years later and on that occasion it was held unconstitutional as applied in the District of Columbia and the territories and in all other places within the jurisdiction of the United States, such as upon an American vessel upon the high seas. Butts v. Merchants & Miners Transportation Co., 230 U.S. 126, 33 S.Ct. 964, 57 L.Ed. 1422. This conclusion was reached upon the broad ground that the Civil Rights Act was intended to cover the entire United States and that since it had been held unconstitutional with respect to by far the greater part of the nation and since it contained no language indicating an intent to make it separable it followed that it was unconstitutional in toto.

Appellant urged in the trial court and again urges here that the decision of the Supreme Court in the Butts case was wrong and that there is ample reason to suppose that the Supreme Court would reach a contrary decision were it faced with the problem today.

It is well established that when a court is confronted with a statute the presumption is strongly in favor of its constitutionality. However, we believe that after the Supreme Court has spoken and found a statute unconstitutional the presumption should be to the contrary.

In support of the position that the Supreme Court today would reach a different conclusion than it did in the Butts case, appellant relies upon Hurd v. Hodge, 334 U.S. 24, 68 S.Ct. 847 and other cases relating to racial covenants, decided May 3, 1948, by the Supreme Court. However, we agree with the trial court, which stated in a memorandum opinion that the Butts case did not turn on the question of public policy, as did the recent restrictive covenant cases, but rather on the principle of statutory construction.

Appellant also relies upon various Supreme Court cases, notably that of El Paso & N. E. R. Co. v. Gutierrez, 215 U.S. 87, 30 S.Ct. 21, 54 L.Ed. 106, in support of his proposition that the Civil Rights Act was separable and that even if a part was unconstitutional it should be held constitu-

---

[8] Brotherhood of Locomotive Firemen and Enginemen v. Graham, U.S.App.D.C., — F.2d —, No. 9716, decided Oct. 26, 1948; Turner, Adm'r v. Christian Heurich Brewing Co., 83 U.S.App.D.C. 333, 169 F.2d 681.

tional so far as the District of Columbia is concerned, since Congress clearly has the right to pass such legislation for this capital city.

But the Supreme Court in the Butts case specifically referred to the Gutierrez case and similar cases and distinguished them by pointing out that the statutes involved, unlike the Civil Rights Act, contained not only general language but also provisions specifically applicable to the District of Columbia.

Under such circumstances we are bound by the prior decisions of the Supreme Court.

Affirmed.