ENCYCLOPAEDIA BRITANNICA, Inc.
v. JONES et al.
Civ. A. No. 3607–51.

United States District Court
District of Columbia.

Dec. 10, 1951.

Jack N. Steinberg, Washington, D. C., for plaintiff.

No appearance for defendant.

KIRKLAND, District Judge.

This action was filed by the plaintiff, a judgment creditor, to subject real estate owned by the defendants, who are husband and wife, to payment of the judgment secured in the Municipal Court for the District of Columbia, Civil Action Number B–5876–51, on May 10, 1951, in the amount of ninety-eight ($98.00) dollars. A default judgment was entered against the defendants in this Court on October 12, 1951.

The plaintiff herein alleges that the judgment remains in full force and effect and unpaid, and further that after diligent search he has been unable to find personal property upon which to levy and "states upon information and belief that the defendants are without such personal property upon which a levy may be made". Plaintiff estimates defendants' equity of redemption in this real property at $2,000. At the hearing in the cause the testimony revealed that the defendants are both employed by the government at a combined salary of $6,030, and the defendant, Claude M. Jones, receives $8 per week additional as a part-time barber. With their eighteen year old daughter they occupy an eight room home completely furnished at 628 Kenyon Street, N. W., which was pur-

chased in 1943 at the price of $10,500, on which there is an outstanding first trust of $4,000, and the house has a current market value of $8,000. In addition the male defendant owns a 1947 Pontiac automobile on which there is an encumbrance of $300, but which in turn has a market value of $1,000. The Court also appointed James C. Toomey, Esq., as amicus curiae to aid the Court in a determination of the facts involved.

Once again the question arises as to the effect of docketing Municipal Court judgments in the United States District Court for the District of Columbia. This important question of local practice was thoroughly discussed in Paley v. Solomon, D.C. 1945, 59 F.Supp. 887, 888. The basic rule of that case is that both courts have concurrent jurisdiction. Judge Matthew F. McGuire of this Court refused to order proceedings subsequent to judgment since the remedy was available in the Municipal Court.

■ The well reasoned and learned opinion rendered in that case points out that the Municipal Court is a court of record; it has equitable jurisdiction; Klepinger v. Rhodes, 1944, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; it has rule-making power; Title 11, Sec. 756, District of Columbia Code, 1940 Ed.; and its actions are subject to review by the Municipal Court of Appeals; Title 11 Sec. 772, District of Columbia Code, 1940 Ed.

■ The effect of docketing a judgment of the Municipal Court in this Court is so well stated in that opinion that it seems best to quote the discussion direct from its text.

"There is no doubt but that by the mere docketing of a judgment of that court in the District Court as thus provided, the judgment of the inferior court does become 'for all purposes' a judgment of the District Court as if it had originally been obtained there.

"But it can hardly be doubted it still is also a judgment of the Municipal Court for the District of Columbia for at least six years. It does not lose its character as such because it now, by a strange legislative anomaly, is also a judgment of the District Court of the United States. By the recording of it in the District Court it assumes two characteristics it never had as a judgment of the Municipal Court. First, its life is extended to at least double its hitherto normal span—but only as a judgment of the District Court: Second, it becomes also in this character a lien against real estate. * * *

"* * * when a judgment of the Municipal Court for the District of Columbia is docketed in the District Court—true it becomes as the statute says, a judgment of that court—but the real purpose and intent was to provide for a lien on real estate and to extend the period of limitation, and for no other purpose could this plainly anomalous provision have been carried over as a part of the new Court Act."

Under Title 15, Section 213 of the District of Columbia Code, 1940 Ed., it is provided, as follows: "Land or rent shall not be seized for any debt, as long as the present goods and chattels of the debtor do suffice to pay the debt, and the debtor himself be ready to satisfy therefor."

The facts in the case now before the Court reveal that judgment was secured on a contract for the purchase of books from the plaintiff. The judgment was entered on May 10, 1951, thus it has more than five years to run in the Municipal Court. The steps taken by plaintiff in that Court to satisfy the judgment are not revealed by the pleadings.

There are reasons why the District Court does not have jurisdiction of civil cases involving claims less than $3,000. These reasons obtain with the same force in the matter of enforcing the judgment as they do in acquiring the judgment.

■ The relief sought here is available under Rule 81(b) Fed.Rules Civ.Proc. 28 U.S.C.A., which abolished *scire facias* but made the same relief available by motion or other suitable action. However, there has been no sufficient showing made to this Court that this type of relief is required at this stage, and the evidence indicates that there is available sufficient

personal property to satisfy the judgment. Municipal Court judgments should and must be enforced in that Court. At the same time these judgments constitute a lien on real estate when docketed in this Court to protect the creditor in the event the judgment debtor seeks to dispose of real estate to avoid payment of the judgment.

The sale of the real estate in this case is a drastic remedy to satisfy a small judgment of $98 and would embrace a charge of approximately $250 costs to effect the satisfaction of the lien. The plaintiff is protected by his lien on the property, but he cannot have this relief until he exhausts all possibilities of collection by way of garnishment and execution on personal property, income, etc. This Court is not convinced by plaintiff's allegation that all such possibilities have been exhausted.

This relief will not be granted by this Court until and unless plaintiff can conclusively show that this proceeding constitutes the *only* remedy left to him. The complaint, therefore, must be dismissed.