**SHULMAN v. SHULMAN (two cases).**

**Nos. 1161, 1162.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 17, 1951.

Decided Feb. 20, 1952.

David Carliner, Washington, D. C., for Jack Shulman.

John Geyer Tausig, Washington, D. C., for Jean Emily Shulman.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This action was brought by an infant through her mother, as next friend, against the appellant, her father, as trustee. The father had been appointed testamentary trustee under the will of his mother, Kate Shulman, to hold in trust the sum of $1,000 for the infant appellee until she reached the age of 21 years. The complaint, alleging the dissipation of the trust fund by the trustee, asked for the following relief: an accounting of the trust fund; the restoration of all monies unlawfully diverted; the appointment of a substitute trustee; and payment of attorney's fees. Defendant filed a motion to dismiss for want of jurisdiction and this was denied. Defendant then filed an answer admitting that he had invested the funds in his own business. This was more fully admitted and developed in defendant's sworn "admission of facts" filed in response to a request made for such admission by plaintiff.

Defendant in his answer alleged that the $1,000 was invested in a certain business enterprise of his own and that in order to indemnify the infant against any loss from said investment he obtained an insurance policy on his life in the face amount of $3,000 which would have a cash value of $1,500 ten years after the date of its issuance and before the infant would reach the age of twenty-one. In his "admission of facts," he admitted that he had borrowed $477.12 on the policy and that the loan had not been repaid.

In granting summary judgment in favor of plaintiff the trial judge filed a written opinion in which, after discussing the facts, he ruled that the $1,000 trust fund had been invested by defendant in his own business without authority, that there was no showing that such funds were intact, and since the insurance policy named the mother of

the infant plaintiff as irrevocable beneficiary it therefore afforded no protection to the infant. The judge also ruled that because of a pending dispute between the mother of the child and the father (defendant), the necessity arose for appointing a wholly disinterested trustee to hold and conserve the funds of the infant plaintiff until she becomes of age. Accordingly, he directed the entry of an order removing the defendant as trustee, requiring the rendition of an accounting by the defendant trustee, appointing a substitute trustee and ordering the transfer of all funds in the possession of the defendant to the new trustee.

The defendant has appealed, questioning the jurisdiction of the Municipal Court to entertain the suit or enter the orders in question, contending that the Municipal Court has no equity jurisdiction. The infant plaintiff has filed a cross-appeal from the order refusing to allow attorney's fees. We first consider the principal appeal, filed by defendant.

■ We think the question has been fully set at rest in Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568. There the United States Court of Appeals ruled that the Municipal Court had exclusive jurisdiction in an action to have a trust impressed on certain funds amounting to less than $3,000, and that under the Act of 1942, Code 1940, 11–755, the Municipal Court has jurisdiction of civil actions, legal or equitable, involving personal property of a value of less than $3,000. In Rowe v. Nolan, 79 U.S.App.D.C. 35, 142 F.2d 93, it was held that a suit for $2,000 damages, for a statement of account and for an injunction, was not in the jurisdiction of the District Court because "suits 'in which the claimed value of personal property or the debt or damages claimed' does not exceed $3,000 are now in the exclusive jurisdiction of the Municipal Court for the District of Columbia."

Appellant devotes the major part of his brief to arguing that the Klepinger decision was erroneous, and if not erroneous that the holding that the Municipal Court had equity jurisdiction amounted to mere dicta.

Taking up the second point first, it seems to us that this ruling was in no sense dicta. The court had before it a case where a suit had been brought in the United States District Court to have a trust impressed on funds amounting to $1,980, or in alternative for a money judgment. The decision left no doubt that the District Court had no jurisdiction over the subject matter and that the litigation belonged in the Municipal Court.

As to the first proposition, this court must follow the law as declared by the United States Court of Appeals for the District of Columbia. See District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17; Washington, A. & Mt. V. R. Co. v. Chapman, 26 App.D.C. 472;[1] and we have followed the Klepinger ruling in a number of cases: Robinson v. Carter, D. C.Mun.App., 77 A.2d 174; Ridgley v. United States, D.C.Mun.App., 45 A.2d 475; Psarakis v. Dukane, D.C.Mun.App., 84 A. 2d 543.

■ In the instant case the claim was essentially one to recover $1,000. It was therefore within the jurisdiction of the court, and the court possessed the necessary equitable powers to give complete relief.

With reference to appellee's cross-appeal for recovery of attorney's fees, we hold that if the court had jurisdiction to grant such fees[2] it was discretionary with the court. and that there was no abuse of discretion. The cross-appellant cites. no authority or statute supporting his petition for attorney's fees in connection with this appeal and the same is therefore denied.

Affirmed.

1. See also Yellow Cab Co. v. Rogers, D.C. Mun.App., 34 A.2d 36; Weimann v. Sheppard, D.C.Mun.App., 37 A.2d 847; Sawyer v. Warner, D.C.Mun.App., 63 A.2d 653.

2. Cf. Cahill v. Bryan, 87 U.S.App.D.C. 271, 184 F.2d 277.