**SHEHERAZADE, Inc., Appellant,**

v.

**George MARDIKIAN, Appellee.**

**No. 2155.**

Municipal Court of Appeals for the District of Columbia.

Argued April 14, 1958.

Decided July 11, 1958.

Bernard Gordon, Washington, D. C., with whom Raymond R. Dickey, Marshall E. Miller and Robert Rolnick, Washington, D. C., were on the brief, for appellant.

Richard A. Micheel, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

■ Appellee, who since 1932 has operated a restaurant in California under the trade name of "Omar Khayyam," sued for and obtained a permanent injunction against the use of that name by appellant, which for more than a year has operated a restaurant in the District of Columbia under the same name. The case was argued here on the merits, but before reaching the merits we are first compelled to consider the jurisdiction of the trial court to entertain the action.

The present Municipal Court for the District of Columbia, created by the Act of April 1, 1942, has "exclusive jurisdiction of civil actions, including counterclaims and crossclaims, in which the claimed value of personal property or the debt or damages claimed, exclusive of interest, attorneys' fees, protest fees, and costs, does not exceed the sum of $3,000." Code 1951, § 11–755. Nowhere in the Act is there an express grant of equitable power to the court; and the court's predecessor (the Municipal Court of the District of Columbia) had no general equitable jurisdiction. Sambataro v. Caffo, 57 App.D.C. 260, 20 F.2d 276. However, it has been judicially established that the Municipal Court has some equitable powers though the extent of those powers has never been exactly delimited.

In Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 341, 140 F.2d 697, 698, certiorari denied 1944, 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568 an action was brought in the District

Court of the United States for the District of Columbia to have a trust imposed upon funds amounting to $1,980, or, in the alternative, for a money judgment. Holding that the District Court lacked jurisdiction of the action because it was in the exclusive jurisdiction of the Municipal Court, it was said:

> "The only requirements under the existing statute are that the action be a 'civil action' and that it involve personal property, debt, or damages amounting to less than $3,000.00.[1]
>
> "The term 'personal property' covers choses in action whether they are legal or equitable and the words 'civil actions' are generally held to cover both actions at law and actions in equity."

A few months after the Klepinger case, it was held in Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93, that the District Court lacked jurisdiction, and the Municipal Court had jurisdiction, of an action involving the seizure of an automobile, in which there was sought damages of $2,000, an order requiring the defendants to disclose the state of the account between the parties, and an injunction against the sale of the car. There it was said:

> "Suits 'in which the claimed value of personal property or the debt or damages claimed' does not exceed $3,000 are now in the exclusive jurisdiction of the Municipal Court for the District of Columbia."

It appears to us that the above two cases establish that the Municipal Court has exclusive jurisdiction of any action involving personal property of a claimed value not exceeding $3,000, and of any action wherein recovery is sought for debt or damages not exceeding $3,000; and that as an incident to its exclusive jurisdiction the Municipal Court has such equitable power as may be necessary to fully and completely exercise its jurisdiction.

Thus, in Robinson v. Carter, D.C.Mun. App., 77 A.2d 174, an action to recover payment made on the purchase of a boat, to recover damages for amounts expended in attempting to repair the boat, and for the return of a promissory note given for the balance of the purchase price, where it was contended that the action was equitable in nature and that in effect it sought rescission of a contract, we held that regardless of the nature of the action the Municipal Court had jurisdiction because the amount involved was within its jurisdictional limit.

And in Shulman v. Shulman, D.C.Mun. App., 86 A.2d 527, an action against the trustee of a $1,000 fund for an accounting, the restoration of any part of the fund unlawfully diverted, and the appointment of a substitute trustee, we ruled that the action being essentially one for the recovery of $1,000 was within the jurisdiction of the Municipal Court.

However, in Psarakis v. Dukane, Inc., D.C.Mun.App., 84 A.2d 543, 544, we held that the Municipal Court lacked power to order reformation of a lease when the effect of such order would be to reduce the rent for the ten-year term by an amount exceeding $6,000. There we held that the equitable jurisdiction of the Municipal Court "is limited to disputes within its statutory authority, i. e., those in which the amount involved does not exceed $3000."

■ In the present case the action sought a permanent injunction restraining defendant from the use of plaintiff's trade name. Did the Municipal Court have jurisdiction to grant the relief requested? The complaint alleged that defendant's use of the name had damaged plaintiff in the sum of $3,000 and asked judgment for that amount, but it is plain that the primary relief sought was the injunction. Indeed, at trial no attempt was made to prove any damages, and the trial court found "there has been no testimony whatsoever with respect to actual

---

1. It would appear that the expression "amounting to less than" more properly should have been "not exceeding."

financial loss by the plaintiff," and concluded that plaintiff was entitled to no monetary recovery. Where the main purpose of an action is to obtain injunctive relief from future acts, jurisdiction cannot be conferred on the Municipal Court by alleging that the damages already sustained do not exceed $3,000.

The question of jurisdiction in injunction suits, including suits of the nature here involved, has often arisen in the federal courts because of the jurisdictional requirement of 28 U.S.C.A. § 1332, that in diversity of citzenship actions the matter in controversy must exceed the sum or value of $3,000. The subject is treated exhaustively in the annotation in 30 A.L.R.2d 602–739. At page 638, referring generally to the question, it is said: "Thus, it can be stated as a general proposition that since an injunction, generally, relates to the future, the amount of damage already suffered by the plaintiff before the date of the suit does not control." And at page 707, referring specifically to cases of the type here involved, it is said: "In suits to restrain infringement of a patent, copyright, trademark, or tradename the criterion of the jurisdictional amount is the value to plaintiff of the right to the use of, or exclusive property in, the subject matter for which protection is sought."

The annotator's statements are amply supported by the authorities. For example, see the well-known Stork Club case,[2] where in seeking an injunction, damages of $5,000 were also sought, but the claim for damages was thereafter waived. The injunction was granted in the absence of proof of injury already suffered, and obviously jurisdiction rested on the value of the right sought to be protected. In Seaboard Finance Co. v. Martin, 5 Cir., 244 F.2d 329, 331, it was said: "Jurisdiction is to be tested by the value of the right sought to be protected against interference." See Nagrom Corp. v. Cock 'N Bull, Inc., D.C.D.C., 149 F.Supp. 217, a case very similar to the present one, where Judge Holtzoff granted a California restaurant operator an injunction against use of its name by a District of Columbia restaurant, though there was no showing of damages. Here again it is obvious that the District Court's jurisdiction rested on the value of the right sought to be protected and not on any claim of damages.[3]

Our conclusion is that, even if the Municipal Court has jurisdiction of an action whose primary purpose is to obtain equitable relief by way of injunction,[4] its equitable jurisdiction is limited by the statutory jurisdictional amount of $3,000.[5]

In the present case the jurisdiction of the Municipal Court must be determined by the value to the plaintiff of the right sought to be protected. This right, as stated in the complaint, was "the exclusive right to use said trade name in connection with the operation of a restaurant." Unless the value of that right does not exceed $3,000 the Municipal Court lacked jurisdiction. Appellee placed no express value on the right, but we do not think for one moment he would concede that its value did not exceed $3,000. His whole case was based on a

2. Stork Restaurant, Inc., v. Sahati, 9 Cir., 166 F.2d 348.

3. See also Miller v. Woods, 87 U.S.App. D.C. 324, 185 F.2d 499.

4. It is of significance that section 5(a) of the 1942 Act (Code 1951, 11–756(a) which authorized the transfer of cases from the District Court to the Municipal Court when it appeared to the satisfaction of the District Court that the action would not justify a judgment in excess of $1,000, limited such transfer to actions "other than an action for equitable relief." When this section was amended in 1956 and the amount changed from $1,000 to $3,000, the restriction against transfer of "an action for equitable relief" remained unchanged. Code 1951, Supp. VI, 11–756(a).

5. See Friedman v. International Association of Machinists, 95 U.S.App.D.C. 128, 220 F.2d 808, certiorari denied 350 U.S. 824, 76 S.Ct. 51, 100 L.Ed. 736.

showing of the great value of his trade name, built up over a period of twenty-five years until it had a nationwide, or even international, reputation, and that he had expended over $200,000 in advertising during the years 1944 to 1956. On appellee's own showing we must hold that his claim exceeded the jurisdictional limitation of the Municipal Court.

Reversed with instructions to dismiss for lack of jurisdiction.