N. VILLACRES, Appellant,

v.

Edward G. HADDAD and Martha T. Haddad, Appellees.

No. 3066.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 17, 1962.

Decided Oct. 10, 1962.

A. Slater Clarke, Washington, D. C., for appellant.

Leon Shampain, Washington, D. C., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

This appeal brings up the recurring question of the extent of the trial court's equity jurisdiction. Appellant brought this action, entitled as a petition to enforce artisan's lien,[1] and alleged that appellees had left furniture with him to be repaired and refinished, that he had agreed to do the work for $2,540 plus storage charges, that the work had been done and the furniture was in his possession, and that appellees had refused to pay the agreed sum. Appellant asked that a receiver be appointed to take possession of the furniture and sell it in satisfaction of the amount due, and that if the proceeds were insufficient to satisfy his claim, that he be given judgment for the deficiency.

After answer and counterclaim had been filed, the trial court *sua sponte* dismissed the action, being of the opinion that because the statute specifically provides that the proceedings to enforce the lien be by a bill or petition *in equity* and the decree be rendered according to the due course of *proceedings in equity,* the trial court lacked jurisdiction because it has no general equity jurisdiction.

In Sheherazade, Inc. v. Mardikian, D.C. Mun.App., 143 A.2d 512, 514, after discussion of our previous cases and those of our United States Court of Appeals on the subject, we concluded that "the Municipal Court has exclusive jurisdiction of any action involving personal property of a claimed value not exceeding $3,000, and of any action wherein recovery is sought for debt or damages not exceeding $3,000; and that as an incident to its exclusive jurisdiction the Municipal Court has such equitable power as may be necessary to fully and completely exercise its jurisdiction."

The present action is essentially one to recover a debt not exceeding $3,000. The fact that recovery is sought by enforcement of a lien does not take the action out of the Municipal Court's jurisdiction. In Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568, where it was sought to have a trust imposed on funds amounting to $1,980, it was said that the Municipal Court had jurisdiction and that

---

1. "Any mechanic or artisan who shall make, alter, or repair any article of personal property at the request of the owner shall have a lien thereon for his just and reasonable charges for his work done and materials furnished, and may retain the same in his possession until said charges are paid; but if possession is parted with by his consent such lien shall cease." Code 1961, § 38–124.

"If the value of the property so subject to lien shall exceed the sum of fifty dollars, the proceeding to enforce such lien shall be by bill or petition in equity, and the decree, which shall be rendered according to the due course of proceedings in equity, besides subjecting the thing upon which the lien was attached to sale for the satisfaction of the plaintiff's demand, shall adjudge that the plaintiff recover his demand against the defendant from whom such claim is due, and may have execution therefor as at law." Code 1961, § 38–126

the District Court "lacked jurisdiction regardless of whether the complaint would have formerly been denoted a suit at law or a bill in equity."

◼ It may be noted that the lien sought to be enforced is not an equitable lien but is a common-law lien. The common law gave "a lien to all artisans, tradesmen and laborers entrusted with chattels by the owner for the purpose of repairing or improving the value of such chattels, for their just charges." Darlington on Personal Property, p. 47 (1891). However, the common-law lien gave only the right to retain possession until the debt was paid. Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L. R. 1409; Peck v. Jenness, 7 How. 612, 12 L.Ed. 841. Our Code restates the common-law lien and provides a means of enforcing it. That it is enforced according to the due course of proceedings in equity does not deprive the Municipal Court of jurisdiction. Klepinger v. Rhodes, supra.

Reversed.