Kelly BROWN, Appellant,

v.

GREENWICH LOUNGE, INCORPORATED,
a body corporate, and George A.
Stonestreet, Appellees.

No. 3948.

District of Columbia Court of Appeals.

Submitted Nov. 21, 1966.

Decided Jan. 19, 1967.

Joyce Capps, Washington, D. C., for appellant.

Marvin E. Schneck, Washington, D. C., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge.

Appellant's amended complaint was entitled as one for "accounting, for injunc-

tion and for breach of contract." His claim arose out of the organization and operation of Greenwich Lounge, Incorporated, by Stonestreet, its president and chief stockholder. The complaint sought inspection of records to determine the financial status of the corporation, an accounting thereon, an injunction against transfer of corporate assets, judgment for the value of services rendered by appellant, and judgment for the value of appellant's interest and shares in the corporation. The answer to the complaint amounted to no more than a general denial.

Appellant demanded a jury trial and the case was pretried as a jury case. The pretrial judge stated the case to be one for breach of contract. When the case came on for trial, the trial judge *sua sponte* and over appellant's objection struck the demand for a jury trial and tried the case without a jury. Appellant had sought damages in the amount of $5,600 but was awarded only $85.[1] He appeals on the ground that it was error to strike the jury demand.[2]

The trial judge gave no reason for striking the jury demand but presumably he felt that the issues presented were purely equitable in nature and therefore properly triable by the court. If the relief sought was strictly equitable, the trial court lacked jurisdiction for it is not a court of general equity powers. Its equitable powers are limited to those necessary to fully and completely exercise its jurisdiction over actions involving personal property or for debt or damages within its $10,000 jurisdictional limit. Sheherazade, Inc. v. Mardikian, D.C.Mun.App., 143 A.2d 512 (1958). Thus, where an action is essentially for the recovery of a money judgment within the court's jurisdictional limit, resort may be had to an injunction and accounting to accomplish this result. Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93 (1944). See also, Shulman v. Shulman,

D.C.Mun.App., 86 A.2d 527 (1952); Villacres v. Haddad, D.C.Mun.App., 184 A.2d 634 (1962).

In the case before us the nature of the dispute is essentially over the existence of a contract and the rights, if any, thereunder. If there was no contract then perforce there need be no injunction, no investigation of financial records and no accounting. If a contract did exist and was breached by appellees, these equitable measures would effectuate an accurate determination of the amount due appellant and are only incidental to the prime question of law. Clearly the court had jurisdiction and just as clearly appellant had a right to trial by jury of the legal issues. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Under *Beacon,* "it would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control." Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486, 491 (5th Cir. 1961). The foregoing quotation was cited with approval in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962), where it was also said that the holding in *Beacon* "applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not."

The following language of Mr. Justice Harlan, concurring in *Dairy Queen,* is particularly applicable here:

Consequently what is involved in this case is nothing more than a joinder in one complaint of prayers for both legal and equitable relief. In such circumstances, under principles long since established, Scott v. Neely, 140 U.S. 106, 110, 11 S.Ct. 712, 714, 35 L.Ed. 358, the petitioner cannot be deprived of his constitutional right

---

1. The record does not disclose the basis for the award.

2. In view of our disposition of the case it is not necessary to consider another claim of error.

to a jury trial on the "legal" claim contained in the complaint.

Appellees assert that the right to jury trial, if any, was waived by appellant when he went to trial without a jury. We do not agree. Perhaps appellant could have sought relief by way of mandamus to compel vacation of the order striking the jury demand, as was done in *Beacon* and *Dairy Queen,* but we do not think he was required to do so. By objecting to the denial of trial by jury, appellant preserved his right to raise the question on direct appeal from the final judgment. See James v. Pennsylvania General Insurance Company, 121 U.S. App.D.C. 251, 349 F.2d 228 (1965).

Reversed with instructions to grant a new trial before a jury.