NAGROM CORPORATION and Cock 'N
Bull Products, Plaintiffs,

v.

COCK 'N BULL, Inc., A. Edwin Stern, Jr.,
and John J. Murphy, Defendants.

Civ. A. No. 1637-55.

United States District Court
District of Columbia.

March 6, 1957.

Joseph P. Tumulty, Jr., Washington,
D. C., and C. Dickerman Williams, New
York City, for plaintiffs.

Bernard F. Garvey, and George Gar-
vey, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This is an action for an injunction to
restrain unfair competition, namely, the
use of the name Cock 'N Bull by a restau-
rant located in this District.

For twenty years the plaintiff Nagrom
Corporation has been operating a res-
taurant in Los Angeles known as the
Cock 'N Bull. The evidence shows that
this restaurant has acquired consider-
able national prominence and a great deal
of publicity, not only locally but on a
nation-wide basis. Much of this public-
ity is in periodicals having nation-wide
circulation. In addition, Cock 'N Bull
Products, an affiliated corporation, has

for a number of years been selling certain beverages and food products under the trade-mark Cock 'N Bull. This trade-mark has been registered in the Patent Office. The two plaintiffs have spent a great deal of money in advertising their restaurant and their products.

A little over two years ago the defendant Cock 'N Bull, Inc., started to operate a small restaurant in the business section of Washington, D. C., which is also called Cock 'N Bull. The defendant Stern is the principal officer and stockholder of the defendant corporation. The defendant Murphy was originally in that position but has sold his interest to the defendant Stern.

■ A month ago this Court had occasion to endeavor to summarize the applicable principles of law that must govern the disposition of the present case. In Champion Paper & Fibre Co. v. National Association of Mutual Insurance Agents, D.C., 148 F.Supp. 123, the following principles were formulated. Unfair competition, consisting of the use of another person's trade name may be one of three kinds: first, the borrower's use may be in connection with competing goods or services; second, the borrower's use may be in connection with non-competing goods or services, but under circumstances giving rise to the reasonable possibility of an inference on the part of the public that these goods and services emanated from the owner of the trade-mark; and third, the borrower's use may be in connection with non-competing goods or services, the use being so foreign to that of the owner as to preclude any identification or confusion between the two.

It was held in that case an action for an injunction lies in the first two instances, but not in the third. The case there presented fell in the third category. The plaintiff was a manufacturer and dealer in paper products using the trade-mark Champion with a figure of a knight in armour on horseback. The defendant was an association of insurance agents that used a similar trade-mark. The Court held that there was absolutely no similarity between the activities of the plaintiff and defendant and there was no likelihood that any confusion between the two would be caused in the mind of the public, because the average member of the public would not be likely to think that the paper manufacturer had gone into the insurance business.

■ In this case we have a somewhat different situation. Here both the plaintiff and the defendant are using the same name for a restaurant. Consequently there is a real possibility of a confusion. The plaintiff's use is much senior to that of the defendant. The plaintiff has acquired a national reputation for his restaurant and his products, which are of a kind that might well be used in a restaurant. He has spent a great deal of money over the years advertising and maintaining that reputation. His restaurant is well known to the public, not only locally but in other parts of the country.

To be sure, there is no competition between the plaintiffs' and the defendants' restaurants. There is, however, a reasonable possibility that members of the public patronizing or planning to patronize the defendants' restaurant may do so on the assumption that the defendants' restaurant is a branch of the plaintiffs' restaurant or is operating under its aegis. The two restaurants are indeed far apart. The protection of a trade name, however, is not limited to the district or state where the plaintiff makes use of it. The geographical limitations of the protection must be as broad as the requirements of the circumstances of the particular case. When an establishment with a national reputation has its name infringed by a purely local establishment of a similar kind, there is a reasonable prospect of damage being done and an adverse effect resulting to the reputation of the concern whose name is thus misused.

Perhaps the leading case on this aspect of the matter is Stork Restaurant v. Sahati, 9 Cir., 166 F.2d 348, decided by the Court of Appeals for the Ninth Circuit. In that case it was held that the Stork

Restaurant located in New York, but having a national reputation, was entitled to an injunction against a use of the name by a small restaurant located on the Pacific Coast. This principle has been applied in the District of Columbia Circuit in Food Fair Stores v. Square Deal Market Co., 93 U.S.App.D.C. 7, 206 F.2d 482. A concern which originated the use of its name in Baltimore, Maryland, but which had extended it to other areas, was held entitled to an injunction against an infringing use in the District of Columbia. While, obviously, the distance involved in the last mentioned case was much smaller than that involved in the Stork Restaurant case, or in the case at bar, the matter is one of degree. The same principle was applied in the Food Fair Stores case.

The defendants rely on the case of El Chico, Inc., v. El Chico Cafe, 5 Cir., 214 F.2d 721, decided by the Fifth Circuit, in which it was held that the plaintiff who operated a restaurant in New York known as El Chico was not entitled to an injunction against the use of this name by the defendant who was operating a restaurant in Texas. That case, however, is distinguishable because the opinion of the court pointed out that there was no proof of any confusion or, at least, of probable injury to the plaintiff's business, and that therefore no relief might be granted on the ground of unfair competition. There is evidence in this case, however, that there has been confusion on the part of members of the public who were under the impression that the Washington restaurant was a branch of the Los Angeles restaurant, or, at any rate, connected with it.

In view of the considerations that have been discussed the Court is of the opinion that the plaintiff is entitled to an injunction restraining the infringing use.

There has been no showing of any damages and consequently the relief that will be granted will be limited to an injunction. The Court will grant judgment for the plaintiff against the defendants Cock 'N Bull, and Stern; and will dismiss the complaint as against defendant Murphy since he has discontinued his connection with the business.

Counsel may submit proposed findings and conclusions of law and proposed judgment.