No. 21,972.

JOHN F. SCHAEFER, *Appellee*, v. THE ARKANSAS VALLEY INTERURBAN RAILWAY COMPANY, *Appellant*.

OPINION DENYING A REHEARING.

Appeal from Sedgwick district court, division No. 2; THORNTON-W. SARGENT, judge. Opinion denying a rehearing filed May 10, 1919. (For original opinion of affirmance, see *ante*, p. 394, 179 Pac. 323.)

*Chester I. Long,* and *Austin M. Cowan,* both of Wichita, for the appellant.

*D. M. Dale, S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Appellant's petition for a rehearing urges that its demurrer to plaintiff's evidence and its motion for a directed verdict were not sufficiently discussed in our original opinion, (*Schaefer v. Interurban Railway Co.,* ante, p. 394, 179 Pac. 323.)

On one side was the oral evidence, perhaps of dubious worth, that on the roadway near the crossing a view of the railway and interurban car was obscured by trees; on the other side were photographic exhibits, whose accuracy was either conceded or scarcely disputed, and which tended to show, perhaps

positively, that the trees did not shut off the view. Appellant says the facts portrayed by the photographs were admitted, and that the ordinary rule as to admissions should govern; but the plaintiff's other evidence, the oral testimony, stood in the way of a demurrer. It was not in harmony with the facts portrayed by the photographs. A demurrer cannot be invoked to summarily dispose of an issue of fact under that state of the evidence. (*Matassarin v. Street Railway Co.,* 100 Kan. 119, 121, 163 Pac. 796.) That situation does not .substantially differ from that presented in any case where the evidence adduced is partly false and partly true. The question on which side is the truth, or what part of the evidence is true, cannot be settled by demurrer; it is still an issue of fact, and if through prejudice and insincerity on the part of the jury that issue does miscarry, the only practical remedy is the one of appealing to the sound discretion of the trial court by a motion for a new trial. If the judge believes that the verdict has been secured through perjury of witnesses, or through the insincerity or prejudice of the jury, he is bound to grant the motion for a new trial, and he has the power to set aside such a verdict on his own motion.

Touching defendant's motion for a directed verdict, it scarcely needs to be observed that since this lawsuit involved issuable and contested facts, with evidence pro and con adduced thereon, that motion was properly overruled.

A criticism is made because no controlling significance is given in the opinion to the cases of *Bush v. Railroad Co.,* 62 Kan. 709, 64 Pac. 624, and *Railway Co. v. Bussey,* 66 Kan. 735, 71 Pac. 261. Appellant contends that those cases should either be followed or overruled. Those decisions have often been cited in crossing-accident cases, and still more often urged upon our attention in other cases where the facts were not quite similar. Not infrequently the court has had some trouble in distinguishing pending cases from the Bush and Bussey cases; but the court has at no time indicated a disposition either to ignore or overrule them. The doctrine they announce was recognized in our opinion; but the law of the Bush and Bussey cases does not cover all the law on the subject involved in the present case. A rehearing would serve no purpose, and it is therefore denied.