## HUNTER v. THOMAS.
### No. 3753.

United States Court of Appeals
Tenth Circuit.
March 17, 1949.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellant.

Neil Tasher, of Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order entered in a habeas corpus proceeding discharging Thomas from the custody of Hunter, Warden. Theretofore, Thomas had appealed from an order denying a writ of habeas corpus entered in a former proceeding. We reversed that order and remanded the case with instructions to permit Thomas to introduce evidence in support of an allegation in his application for the writ that he did not have the aid of counsel when the verdict was returned in the criminal case in which he was convicted and sentenced. See Thomas v. Hunter, 10 Cir., 153 F.2d 834. Thereafter, the matter came on for further hearing on April 26, 1946, before Judge Arthur J. Mellott. Thomas testified that his counsel was not present when such verdict was returned. On that testimony, Judge Mellott found that counsel for Thomas was not present when such verdict was returned and, on November 21, 1946, entered an order discharging Thomas from custody. On November 23, 1946, Hunter filed a motion for a rehearing. As grounds for the motion, he set up that the testimony of Thomas at the last-mentioned hearing, upon which the finding of the court was based, was false, and that J. Grant Frye, counsel for the petitioner at the criminal trial, was actually present in open court when such verdict was returned. Attached to the motion and made a part thereof were the affidavits of Harry C. Blanton and Russell Vandivort, who, at the time of the criminal trial, were United States Attorney and Assistant United States Attorney, respectively, for the Eastern District of Missouri, and who represented the United States in the criminal trial. In each of such affidavits it was averred that after the jury had retired to consider its verdict, Frye requested that he be notified when the jury was ready to report and then left the courtroom; that Frye was notified when the jury was ready to report; that he returned to the courtroom and was present in open court when the verdict was returned.

The motion for a new trial came on for hearing on December 9, 1946. Blanton and Frye appeared as witnesses. Each testified that Frye asked to be excused after the jury had retired to deliberate on its verdict; that Frye was notified when the jury was ready to report and was actually present with Thomas in open court when the verdict of the jury was returned and remained in attendance from that time on until sentence was imposed. Thereafter, on December 20, 1946, Judge Mellott entered an order vacating his prior order discharging the petitioner, and granting a rehearing.[1]

Thereafter, on January 6, 1947, the matter came on for rehearing. The testimony of Frye and Blanton was reintroduced. Judge Mellott found that Frye was actually present when the verdict was returned and the sentence was imposed in the criminal case. On January 10, 1947, Judge Mellott entered an order remanding Thomas to the custody of the Warden. As a result, Thomas was returned to the custody of the Warden and, thereafter, he filed his petition for a writ of habeas corpus in the instant case on the ground that Judge Mellott granted a rehearing on the ground of newly discovered evidence "knowing

---

[1] In announcing his ruling on the motion for a new trial, Judge Mellott said: " * * * the Court is definitely of the opinion it has been imposed upon in this case; not only may a motion for a new trial be granted upon the ground of newly discovered evidence, but under the Kansas Statutes and under the well established practice existing, I take it in most Courts, the Court would feel that it was not doing right if it came to the conclusion that its verdict or report or decision had been procured by the corruption of the party obtaining it or by perjured testimony adduced by him. That is the view that the Court finds itself in this case.

"Under Rule 59 of the Rules of Civil Procedure, upon a motion for a new trial in an action tried without a jury, the Court may open the judgment if one has been entered, or take additional testimony or amend its findings of fact and conclusions of law or make new findings and conclusions and direct the entry of a new judgment.

"I am disposed to think that that is what should be done in this case."

that the purported evidence was not in truth and in fact newly discovered but was known to and in the possession of the respondent" at the time of the hearing on April 26, 1946. The matter came on for hearing before Circuit Judge Walter A. Huxman, sitting in the District Court under assignment. He concluded that the motion for a new trial was granted, not on the ground of newly discovered evidence, but on the ground of perjury committed by the petitioner; that, in granting such motion, Judge Mellott acted sua sponte under his inherent power over his judgment; and that the order granting the new trial was void because not made within ten days after judgment had been entered as required by Rule 59(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

Counsel for Hunter contend that by virtue of Rule 81(a) (2)[2] of the Federal Rules of Civil Procedure, Rule 59 of such Rules does not apply to habeas corpus proceedings. There is nothing in 28 U.S.C.A. §§ 451 to 466, inclusive [now § 2241 et seq.], which provides any procedure with respect to a new trial in a habeas corpus proceeding. Prior to the adoption of the Federal Rules of Civil Procedure, it was settled that a court could vacate an order discharging the petitioner on habeas corpus at any time during the term at which the order was entered.[3] Habeas corpus is a civil proceeding.[4] It is a legal, not an equitable, remedy. It would seem, therefore, that the provisions of Rule 59, applicable to cases tried without a jury, govern motions for a new trial in a habeas corpus proceeding.

A new trial may be granted on the ground that a witness willfully testified falsely to a material fact, especially where the perjured testimony was induced by the opposite party[5] or the false testimony was that of the opposite party. However, the perjury must be clearly established. Here, the matter came on for hearing on the motion for a new trial filed by Hunter. The ground upon which the new trial was granted was clearly the ground set up in the motion therefor. It is our opinion that the statement of Judge Mellott, set forth in marginal note 1, indicates that he granted the new trial upon the motion therefor and not of his own initiative under Rule 59(d). Moreover, the time for granting a new trial under Rule 59(d) had expired. The court had power to grant a new trial on the motion of Hunter under Rule 59(a). He did not have authority to grant a new trial of his own initiative under Rule 59(d). In this, a collateral attack, every reasonable presumption should be indulged in in favor of the validity of the order.[6] It is reasonable to assume that the trial court granted the new trial on the motion of Hunter and not of his own initiative.

[2] Rule 81(a) (2) in part reads as follows:

"(a) To What Proceedings Applicable.
"(2) In the following proceedings appeals are governed by these rules, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity: * * * habeas corpus, * * *."

[3] See Aderhold v. Murphy, 10 Cir., 103 F.2d 492, 493; Tiberg v. Warren, 9 Cir., 192 F. 458, 463; United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129.

[4] Burgess v. King, 8 Cir., 130 F.2d 761, 762; Fisher v. Baker, 203 U.S. 174, 181, 27 S.Ct. 135, 51 L.Ed. 142, 7 Ann. Cas. 1018.

[5] Boisvert v. Charest, 135 Me. 220, 193 A. 841, 842; Weinhart v. Smith, 211 Iowa 242, 233 N.W. 26, 27; Martin v. United States, 5 Cir., 17 F.2d 973, 976; Blake v. Marinelli, 357 Pa. 314, 53 A.2d 550, 552; Candelore v. Glauser, 291 Pa. 582, 140 A. 525, 526, 527; Schaefer v. Arkansas Valley Interurban R. Co., 104 Kan. 740, 181 P. 118, 119; Smith v. Mitchell, 64 Cal.App. 463, 221 P. 964, 967.

[6] Hatten v. Hudspeth, 10 Cir., 90 F. 2d 501, 502; West v. Capital Trust & Savings Bank, 113 Mont. 130, 124 P.2d 572, 574; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Michener v. Johnston, 9 Cir., 141 F.2d 171, 175; Pen-Ken Gas & Oil Corporation v. Warfield Natural Gas Co., 6 Cir., 137 P.2d 871, 883; Mothershead v. King, 8 Cir., 112 F.2d 1004, 1006.

The cause is Remanded with instructions to vacate the order of discharge and issue the necessary process for the return of petitioner to the custody of Hunter as Warden of the United States Penitentiary at Leavenworth, Kansas.