**Edward H. J. BOWDIDGE, Geraldine Bowdidge, Appellants,**

**v.**

**John M. LEHMAN, District Director of Immigration, Appellee.**

**No. 13139.**

United States Court of Appeals
Sixth Circuit.

Feb. 24, 1958.

Richard T. Boehm, Columbus, Ohio, for appellants.

Russell E. Ake, Asst. U. S. Atty., Cleveland, Ohio (Sumner Canary, U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before ALLEN and MILLER, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

This is an appeal from a judgment of the District Court affirming a deportation order entered against both appellants by the Special Inquiry Officer of the Immigration and Naturalization Service and sustained by the Board of Immigration Appeals. Appellants filed a complaint in the District Court attacking the deportation order, seeking a writ of habeas corpus and also a declaratory judgment as to their rights, duties and obligations. In addition to affirming the order of deportation the District Court dismissed the complaint. Appellants assert, appellee does not deny, and the meager appendix shows, that the order of dismissal was entered without notice to attorney for appellants and without the court's affording a hearing upon the allowance of summary judgment.

Appellants attack the summary dismissal of their complaint and also allege that the deportation order was based upon evidence illegally obtained in violation of the self incrimination provision of the Fifth Amendment. Both appellants and appellee expend their principal argument upon the questions as to

the propriety of admission, validity, and effect of certain evidence in the administrative proceedings which resulted in the deportation order. We are precluded from considering these questions for the evidence is not quoted in appellants' appendix nor presented as authorized under Rule 16(6) of this court, 28 U.S.C., by motion made subsequent to the printing of the appendix. The court is entitled to rely upon the appendix as presented. National Labor Relations Board v. Knight Morley Corporation, 6 Cir., 251 F.2d 753, memorandum upon petition for rehearing.

Neither does appellee aid us on this point. In its brief appellee gives short quotations from answers made by each of the appellants in the administrative hearing to the effect that transcribed statements theretofore made by each of them are true and correct with certain exceptions not material here. These quotations also include statements by counsel for appellants agreeing to the admission in evidence of each of the transcribed statements with the exceptions noted.

Assuming that these quotations printed in appellee's brief prior to the hearing in this court constitute a substantial compliance with Rule 16(6), the Appendix Rule of this court, since the transcribed statements are only referred to and are not presented in this court, we do not discuss these meager excerpts.

The summary dismissal of the complaint by the District Court is the only question properly before us.

■■ Habeas corpus is a civil proceeding governed by the Federal Rules of Civil Procedure, Rule 1, Rule 81(a)(2), 28 U.S.C. Hunter v. Thomas, 10 Cir., 173 F.2d 810, 812; 25 American Jurisprudence 151, Section 12, Note 19. It may be used to attack deportation proceedings when some essential finding of fact is unsupported by the evidence. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 153, 44 S.Ct. 54, 68 L.Ed. 221; Harisiades v. Shaughnessy, 342 U.S. 580, 582, 72 S.Ct. 512, 96 L.Ed. 586.

■ The difficulty with the habeas corpus feature of this case is that the complaint does not allege that either appellant is in custody, and custody is essential to relief by habeas corpus. Title 28 U.S.C. Section 2241(c) (1). Velazquez v. Sanford, 5 Cir., 150 F.2d 491; Crow v. United States, 9 Cir., 186 F.2d 704. However, in absence of a record we do not rule upon this point.

Appellants are on surer ground when they object to the dismissal of the complaint without notice or hearing. Since habeas corpus is a civil proceeding governed by the Federal Rules of Civil Procedure and since Rule 57 expressly provides that the procedure for obtaining a declaratory judgment shall be "in accordance with these rules", summary dismissal of the complaint was governed by Rule 56 and compliance with that rule was required.

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment in behalf of either party upon service of motion in case the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ Summary judgment in any case should be cautiously invoked to the end that the parties may be afforded a trial "if they really have issues to try." Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 729, 88 L.Ed. 967. It cannot be granted when there is genuine dispute as to some material fact. Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; Estepp v. Norfolk & Western Railway Co., 6 Cir., 192 F.2d 889. Since the appendix presents no depositions, admissions or affidavits, and little evidence, we are unable to decide whether there is or is not a genuine issue as to any material fact. However, Rule 56(c) provides that a motion for summary judgment requires service "at least 10 days before the time fixed for the hearing." We think the spirit of the rule requires the same notice and hearing where the court contem-

plates summary dismissal on its own motion. Since attorney for appellants was given neither notice nor opportunity to be heard upon the question of summary dismissal the judgment was erroneous.

The judgment is reversed and the case is remanded for notice and hearing upon the question whether summary judgment of dismissal should be granted.