**Washib ULLAH, Appellant,**

v.

**Richard C. HOY, Acting District Director, Immigration and Naturalization Service, Los Angeles, California, Appellee.**

No. 16236.

United States Court of Appeals
Ninth Circuit.

May 3, 1960.

Marshall Ross, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and JERTBERG, Circuit Judges, and KILKENNY, District Judge.

JERTBERG, Circuit Judge.

This is an appeal from a judgment of the district court denying relief sought by appellant in a declaratory action instituted by him seeking to review an order of deportation outstanding against him.

The district court had jurisdiction of the action under the provisions of Sec. 10 of the Act of June 11, 1946 (Administrative Procedure Act), 60 Stat. 243, Title 5 U.S.C.A. § 1009. This court has jurisdiction under the provisions of Title 28 U.S.C.A. §§ 1291 and 1294.

The complaint, in substance, alleged that on or about September, 1957, there was served upon plaintiff an order of deportation directing that he be deported from the United States and that plaintiff has applied to the defendant for the privilege of voluntary departure, in lieu of deportation and that such application has been denied. In the prayer of the complaint plaintiff prayed that the court review the records of his deportation proceedings and enter judgment that plaintiff is not deportable, or in the alternative that the defendant be directed to re-open the deportation hearing to permit filing of another application for voluntary departure, on the ground, among other things, that plaintiff is not statutorily ineligible for voluntary departure.

The defendant filed answer and among other denials denied that plaintiff had applied for the privilege of voluntary departure in lieu of deportation and denied that such application had been denied.

Following the filing of the answer the district court entered the following order:

"It is ordered that this action be placed on the calendar of May 5, 1958, at ten A.M. for pre-trial conference and setting without regard to Local Rule 9 [West's Ann.Code]."

The clerk of the court then dispatched a letter directed to the then attorney for appellant and to the attorney for defendant notifying them that the action had been placed on the calendar "for pre-trial conference and setting. Counsel will please attend." In the letter it was stated that "the court does not intend to invoke the provisions of Local Rule 9 relative to the scheduling of the procedural steps by the parties" and that the court desired the attendance of counsel without regard to the status of the case under Rule 9.

The transcript of the pre-trial proceedings is meagre and somewhat confusing. The pre-trial conference was attended by counsel for the plaintiff and counsel for the defendant. The plaintiff was not present.

The conference was opened with the following statement by the Court:

"Gentlemen, is there anything more to this case than to submit it on the transcript?"

Then followed lengthy colloquy between the Court and counsel for the plaintiff, in which counsel for the plaintiff expressed his great reluctance to submit the case on the transcript and repeatedly stated that he questioned that the transcript accurately reflected the record of the proceedings before the Immigration officials and the Board of Immigration Appeals. Following further colloquy between Court and counsel, the Court stated:

"What you are asking for, as I understand it, is for the Immigration Department to give him another opportunity for voluntary departure?"

To which counsel replied:

"That is correct, your Honor."

The Court then stated:

"I think that is a matter to be taken up with the Immigration Department and not with this court.

The Immigration Department and not this court should pass upon that matter. It is within their discretion and it is not a matter for this court."

\* \* \*

Counsel for the plaintiff again questioned the accuracy of the transcript and following a further statement by the Court said:

"Very well, your Honor, all I can do is submit it."

Thereupon the transcript was marked as an exhibit. At this point the clerk of the court inquired:

"Then this proceeding today is to be considered as a trial?"

To which the Court replied: "Hearing on the matter." Thereupon the Court stated: "And it is ordered that petition for review is dismissed."

Thereafter findings of fact, conclusions of law and judgment in favor of the defendant were entered.

On this appeal appellant urges that the district court erred in ordering that the pre-trial conference be the trial of the action, and erred in rendering a final judgment against the plaintiff at the time of pre-trial, without notice of trial and the holding of a trial pursuant to statute. On this point appellant argues that the district court cannot summarily, under the Federal Rules of Civil Procedure and Local Court Rules, convert a pre-trial conference into a trial and render a valid final judgment at the time and place noticed and set only for pre-trial conference. In view of our intended disposition of this case, we deem it unnecessary to reach an answer to such contention.

■■ We have previously noted that in his complaint plaintiff alleged that he had made application for voluntary departure and that such application had been denied. Such allegations were denied in defendant's answer. Thus there apparently was created a genuine issue as to material fact. This issue was not disposed of by affidavit, deposition, testimony or admission of the plaintiff. The issue was not mentioned in the findings of fact made by the trial court. No opportunity was afforded to dispose of this issue by proceedings for a summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Discretionary acts of an administrative agency may be reviewed on motions for summary judgment. Miyaki v. Robinson, 7 Cir., 257 F.2d 806, certiorari denied 358 U.S. 894, 79 S.Ct. 155, 3 L.Ed.2d 120; Aletiou v. Rogers, 103 U.S.App.D.C. 79, 254 F.2d 782. In our view such issue cannot be disposed of by summary dismissal of plaintiff's complaint, whether such summary dismissal occurs at a pre-trial conference or at a regularly noticed trial in the absence of affidavit, deposition, testimony or admission of the plaintiff. See Bowdidge et al. v. Lehman, 6 Cir., 1958, 252 F.2d 366. If the issue is not genuine, Rule 56 affords a summary and expeditious manner of disposing of such issue.

■■ We recognize that the granting or withholding of an application for voluntary departure rests in the sound discretion of the attorney general, United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652. The action of the Attorney General is subject to court review to determine whether there has been a clear abuse of discretion or a clear failure to exercise discretion. McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173; United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371.

In the absence of affidavit, deposition, testimony or admission of plaintiff, we are unable to determine the genuineness of the issue raised by the pleadings.

The judgment is reversed and the cause is remanded to the district court for further appropriate proceedings consistent with the views herein expressed.