Frank ABEL and John G. Grimes, Appellants,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.

No. 7812.

United States Court of Appeals Tenth Circuit.

Nov. 24, 1964.

William M. Foster, Denver, Colo., for appellants.

John E. Bush, Denver, Colo. (Duke W. Dunbar, Atty. Gen. of Colo., and Frank E. Hickey, Deputy Atty. Gen., were on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The trial court denied without hearing appellants' motion in the nature of coram nobis. Previously appellants, prisoners in the Colorado penitentiary under a state conviction, had been denied habeas corpus relief and this court had affirmed.[1] The motion asserts that the denial of habeas relief was procured by fraud.

Coram nobis is not an available remedy. Coram nobis is a step in the criminal case [2] and is used to correct fundamental errors which render the proceeding irregular and invalid.[3] Habeas corpus is a civil proceeding.[4] The use of coram nobis in civil proceedings was abolished by Rule 60(b), F.R.Civ.P., and the question is whether that rule applies to habeas corpus proceedings.

Rule 81(a) (2) provides that in habeas corpus and other proceedings "appeals are governed by these rules, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in

1. Abel v. Tinsley, D.C., 213 F.Supp. 784, affirmed 10 Cir., 314 F.2d 342, certiorari denied 375 U.S. 851, 84 S.Ct. 108, 11 L. Ed.2d 78.

2. United States v. Morgan, 346 U.S. 502, 505, n. 4, 74 S.Ct. 247, 98 L.Ed. 248.

3. United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129; Adam v. United States, 10 Cir., 274 F.2d 880, 881.

4. Fisher v. Baker, 203 U.S. 174, 181, 27 S.Ct. 135, 51 L.Ed. 142; Kurtz v. Moffitt, 115 U.S. 487, 494, 6 S.Ct. 148, 29 L.Ed. 458.

equity." The statutory provisions on habeas corpus[5] do not provide any procedure for relief from a judgment because of fraud. In habeas corpus proceedings the courts have applied Rule 36 (admission of facts and genuineness of documents),[6] Rule 52(a) (findings by the court),[7] Rule 56 (summary judgment),[8] and Rule 59 (new trials).[9] In our opinion relief from habeas corpus judgments on the ground of fraud is governed by Rule 60(b).

 In a Rule 60(b) proceeding the motion is addressed to the sound discretion of the trial court and the burden of establishing fraud is on the moving party.[10] The allegations of the motion are insufficient to entitle prisoners to relief. They assert that a document certified by the clerk of the state court falsely misled the trial court as to the charges against them and their knowledge of such charges. The document which is attached as an exhibit shows the charges clearly, and they correspond to the statements made by the court in disposing of the habeas corpus petition.[11] Other allegations assert suborned perjury by two police officers going to the prisoners' knowledge of the charges against them. The carefully detailed findings and conclusions appearing in the court's decision[12] show no reliance on the attacked testimony. Additionally the exhibits attached to the motion now before us show that the information was filed, and counsel for prisoners was ap-

pointed, more than six weeks before the trial. In the habeas proceedings the court specifically held that counsel was "competent, prepared and adequate." This holding necessarily implies counsel's knowledge of the charges and communication thereof to his clients.[13] In our opinion the court did not abuse its discretion in denying the motion without a hearing.

Affirmed.

5. 28 U.S.C. § 2241 et seq.

6. United States ex rel. Seals v. Wiman, 5 Cir., 304 F.2d 53, 64, certiorari denied 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722.

7. Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, 116, certiorari denied 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519. See also United States ex rel. Rogers v. Richmond, 2 Cir., 271 F.2d 364, 371, reversed on other grounds 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and Von Moltke v. Gillies, 332 U.S. 708, 727, 68 S.Ct. 316, 92 L.Ed. 309.

8. Bowdidge v. Lehman, 6 Cir., 252 F.2d 366, 368.

9. Hunter v. Thomas, 10 Cir., 173 F.2d 810, 812.

10. England v. Doyle, 9 Cir., 281 F.2d 304, 309–310.

11. The document pertains to the state court record of the filing of an information and discloses that the information charged robbery, kidnapping accompanied by bodily harm, and kidnapping for extortion. In the summary title used by the clerk reference is made to "Kidnapping and Robbery." The use of the abbreviated description of the offense is at most a clerical defect which could not restrict the body of the information.

12. See 213 F.Supp. 784.

13. The prisoners both testified in the habeas hearing.