George Milam HALL, and Mary Hilam Hall, Plaintiffs,

v.

Steve DOERING, et al., Defendants.

Civ.A. No. 97–2203–KHV.

United States District Court,
D. Kansas.

April 14, 1999.

George Milam Hall, Mary Milam Hall, Greeley, KS, pro se.

Michael E. Waldeck, Laura E. Thompson, Niewald, Waldeck & Brown, P.C., Kansas City, MO, for Steve Doering.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on plaintiffs' motion for recusal under 28 U.S.C. § 455(a) and (b), for relief from judgment or order pursuant to Rule 60, Fed.R.Civ.P., and for oral argument and an evidentiary hearing on the motion for relief from judgment. *See* Doc. # 289 filed February 25, 1999. The Court addresses each request in turn but finds that all must be denied.

### A. Request for recusal under 28 U.S.C. § 455(a) and (b)

Plaintiffs claim that "[f]or some reason after ... favorable rulings of 12/17/97 and 1/6/98 Judge Vratil turned against [them]" by sustaining defendants' motions for summary judgment on February 25, 1998.

As support for their request for recusal, plaintiffs cite judicial rulings which allegedly demonstrate that "Judge Vratil has not been nor can be fair and objective to plaintiffs for some reason especially after 1/6/98." Plaintiffs also argue that "imputed disqualification" is required because (1) the bankruptcy file of Bernard Lickteig "contains at least half of the issues of Judge Kathryn H. Vratil's ex law firm," "the attorney for her law firm was her ex husband," and "[t]he divorce case of the Vratil's [sic] ran from 1985 through 1998, was very bitter, and ended up with the parties acting PRO SE"—which "arguably could be a reason for . . . .?"

Plaintiffs argue that recusal is required under Section 455(a), which requires recusal when "a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987) (citations omitted); *see also United States v. Kimball*, 73 F.3d 269, 273 (10th Cir.1995). Plaintiffs apparently also argue that recusal is required under Section 455(b)(1). Sections 455(a) and 455(b)(1) provide in relevant part as follows:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ***

■ Under Section 455, factual allegations need not be taken as true and the Court may consider all relevant facts, not only those presented by the moving party. *Hinman*, 831 F.2d at 939. It covers both "interest or relationship" grounds and "bias or prejudice" grounds,[1] *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), and Section 455(b)(1) requires recusal when a judge has a personal bias or prejudice concerning a party.

■ Under Section 455(a), as noted above, a judge has a duty to recuse herself if she "concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir.1993) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)), *cert. denied sub nom. Turner v. United States*, 515 U.S. 1104, 115 S.Ct. 2250, 132 L.Ed.2d 258 (1995). The inquiry under Section 455(a) "is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* at 993.

■ In this case, the Court concludes that recusal is not appropriate. Even considering only the facts alleged in the motion for recusal,[2] plaintiffs have not demonstrated that a reasonable person would question the undersigned judge's impartiality. Plaintiffs primarily complain of judicial rulings and judicial comments which they twist, take out of context, and misrepresent for the apparent purpose of creating an appearance of impropriety. Adverse rulings, however, do not in and of themselves support recusal under Section 455(a). *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147 (such are grounds for appeal, not for recusal). Nor do the complained-about judicial comments support recusal. Opinions formed by a judge based on facts introduced or events occurring during legal proceedings ordinarily do not support recusal. *Id.* In *Liteky*, the Court stated in pertinent part:

> Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern

---

1. When a party claims that a judge has a personal bias or prejudice against a party and when such claims are made, the analysis under Section 455 is the same as that under 28 U.S.C. § 144. *See Liteky*, 510 U.S. at 548, 114 S.Ct. 1147.

2. The Court, of course, is not limited to the facts presented by the challenging party and also need not take all factual allegations as true. *See Hinman*, 831 F.2d at 939. Plaintiffs, however, have not filed an affidavit in support of their request for recusal.

and short-tempered judge's ordinary efforts at courtroom administration—remain immune. 510 U.S. at 555–56, 114 S.Ct. 1147; *see also Kimball,* 73 F.3d at 273 (judge's remarks, including that judge intended defendant to "die in prison," were unfortunate but not formed by information learned outside judicial proceedings and did not display "deep-seated and unequivocal antagonism that would render fair judgment impossible").

■ In summary, the Court finds that a reasonable person, knowing all of the relevant facts, would not harbor doubts about the judge's impartiality in this case. Recusal under Section 455(a) is therefore inappropriate.[3]

■ Recusal statutes are meant to shield litigants from biased and prejudiced judges, and not as a means of protesting court orders and procedures with which litigants disagree. Courts have repeatedly commented that the possibility for misuse of these statutes is great. *See, e.g., Idaho v. Freeman,* 507 F.Supp. 706, 727 (D.Idaho 1981) ("[t]he potential for abuse is manifest and warned against by legal scholars"). Therefore a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman,* 831 F.2d at 939 (citation omitted).

### B. Request for oral argument

■ Under D.Kan. Rule 7.2, requests for oral arguments on motions shall be granted only at the discretion of the court. Plaintiffs do not explain why they believe that oral argument would be helpful to the Court. After examining the record in this case, the Court has determined that oral argument

will not materially assist the resolution of the issues in plaintiffs' motion. The request is therefore overruled.

### C. Request for relief from judgment pursuant to Rule 60

In seeking relief under Rule 60, plaintiffs reason as follows: Michael Lickteig gave sworn self-contradictory testimony in two cases, Case No. 95–C–33 and this one. By definition, the testimony in this case must have been "clear felony perjury." Alternatively, the state court testimony was perjured and attorney Steve Doering was able to use it to defeat plaintiffs' state court claims. Plaintiffs also allege that Kathy Feuerborne committed "felony perjury" through her interrogatory answers in state court litigation. Even though she is a "bold faced liar," the state court relied on her evidence in denying plaintiffs relief. Under the Court's rulings, the tainted state court rulings infected the proceedings in this case. Also, Michael Lickteig gave conflicting testimony in the state and federal cases. Plaintiffs therefore ask the Court to reinstate their case, "if for no other reason than to allow [them] to take an appeal." Plaintiffs also argue that their failure to file a timely appeal resulted from inadvertent excusable neglect and thus affords an additional ground for relief under Rule 60.

Rule 60(b) provides in part:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

---

**3.** Recusal is also inappropriate under 28 U.S.C. § 455(b)(1). Under Section 455(b)(1), a judge must recuse when he or she has "personal knowledge of disputed evidentiary facts in the proceeding." The purpose of this rule is to ensure "deliberate, unbiased fact finding." *See United States v. Alabama,* 828 F.2d 1532, 1546 (11th Cir.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988). In addition, under § 455(b)(5)(iv), recusal is required when the judge is to the judge's knowledge likely to be a material witness in the proceeding. For recusal to be required, however, the "personal knowledge" must concern facts which are in contro-

versy and the "knowledge" of the disputed facts must come from an "extrajudicial source." *See United States v. Widgery,* 778 F.2d 325, 328 (7th Cir.1985).

The Court does not construe plaintiffs' motion as alleging that the judge has personal knowledge of disputed evidentiary facts in the proceeding, by virtue of the fact that her former husband apparently represented one of the parties in this case in a prior bankruptcy. Nonetheless, the record should reflect that any relevant knowledge that the Court possesses has been derived solely from presiding over this case. Plaintiffs have no contrary evidence and none exists.

inadvertence, surprise, or excusable neglect; *** (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; *** (6) any other reason justifying relief from the operation of the judgment.

## 1. Fraud on the Court

■ To meet their burden under Rule 60(b)(3), plaintiffs must prove by clear and convincing evidence that the adverse parties committed fraud. *Anderson v. Department of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir.1990). Further, they must show that the defrauding parties acted with "an intent to deceive or defraud the court" by means of a "deliberately planned and carefully executed scheme." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995), *cert. denied*, 516 U.S. 1045, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996). Relief under the rule may be granted when the application therefor is clearly substantiated by adequate proof. *Consolidated Gas & Equip. Co. of America v. Carver*, 257 F.2d 111, 114 (10th Cir.1958). A Rule 60(b) motion is addressed to the sound discretion of the trial court, and the burden of establishing fraud is on the movant. *Abel v. Tinsley*, 338 F.2d 514, 516 (10th Cir.1964); *see also Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir.1966).

■ The term "fraud on the court" is a nebulous concept. A clear example is the corruption of judicial officers. *See Root Refining Co. v. Universal Oil Prods. Co.*, 169 F.2d 514, 534 (3d Cir.1948), *cert. denied sub nom. Universal Oil Prods. v. William Whitman Co.*, 335 U.S. 912, 69 S.Ct. 481, 93 L.Ed. 444 (1949). The Tenth Circuit has defined fraud on the court (other than fraud as to jurisdiction) as fraud which is directed to the judicial machinery itself, *i.e.* fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted. *See Bulloch v.*

*United States*, 763 F.2d 1115, 1121 (10th Cir.1985), *cert. denied*, 474 U.S. 1086, 106 S.Ct. 862, 88 L.Ed.2d 900 (1986). According to the Tenth Circuit, fraud on the court does not include fraud between the parties or fraudulent documents, false statements or perjury. *Id.; Robinson*, 56 F.3d at 1266; *see also H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir.1976). As noted above, plaintiffs to prevail must show fraud on the court by clear and convincing evidence, and all doubts must be resolved in favor of the finality of the judgment. *Bulloch*, 763 F.2d at 1121.

■ In this case, the perjury which plaintiffs have described does not rise to the level of a fraud on the court so as to bring their claims within the scope of Rule 60(b)(3). *See Bulloch*, 763 F.2d at 1121; *see also Great Coastal Express, Inc. v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 675 F.2d 1349, 1356 (4th Cir.1982), *cert. denied*, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 245–46, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).

■ Plaintiffs have not established a colorable claim of fraud on the court. Nothing which they have presented shows a defilement of the judicial process. Furthermore, the Tenth Circuit has made it clear that "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. *Robinson*, 56 F.3d at 1267 (absent intent to deceive, misrepresentations to court not sufficient basis for setting aside judgment). Plaintiffs have failed to demonstrate a genuine issue in this regard. The Court therefore declines to set aside the judgment in this case based on fraud on the court under Rule 60(b)(3).[4]

## 2. Inadvertence or excusable neglect

■ Rule 60(b)(1), Fed.R.Civ.P., provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judg-

---

4. Because plaintiffs have not established a colorable ground for relief, the Court finds that an evidentiary hearing is not required and would needlessly divert judicial resources from other tasks.

ment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990). Consequently, carelessness by a litigant does not afford a basis for relief under Rule 60(b)(1). *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990); *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1446 (10th Cir.1983).

■■■■ Plaintiffs argue that they failed to timely appeal the judgment in this case, because—based on their misreading of the Bankruptcy Code and two cases decided under it—they thought that the automatic stay in bankruptcy also stayed the deadline for appeal. As a general proposition, however, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996). Also, while the Court liberally construes pleadings of pro se litigants, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996), "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994) (citation omitted), *cert. denied,* 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995).

On this record, the Court finds that plaintiffs are not entitled to relief under Rule 60(b)(1). Plaintiffs' mistake, if any, was not "excusable" under Tenth Circuit law.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for recusal under 28 U.S.C. § 455(a) and (b), for relief from judgment or order pursuant to Rule 60, Fed.R.Civ.P., and for oral argument and an evidentiary hearing on the motion for relief from judgment, *see*

Doc. # 289 filed February 25, 1999, be and hereby is overruled.