**Harold K. GUYTON, Appellant,**

v.

**The DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

**No. 4251.**

District of Columbia Court of Appeals.

Argued June 24, 1968.

Decided Sept. 5, 1968.

Paul H. Mannes, Washington, D. C., for appellant.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corporation Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge:

Appellant, a former police officer, filed suit in the District of Columbia Court of General Sessions to recover back pay for a period during which he was suspended from active duty as a member of the Metropolitan police force. After a hearing on the merits of appellant's complaint, the trial judge, sitting without a jury, entered a finding and judgment for the District of Columbia. This appeal followed.

Under Section 4-121, D.C. Code (1967 ed.), whether a policeman's suspension shall be with or without pay is initially an administrative determination. Appellant acknowledges that in the first instance only the Commissioners had jurisdiction over his claim, but contends that they deprived him of a hearing to which he was entitled and that, without such a hearing, denial of his claim was arbitrary and capricious.

We do not find it necessary to detail all the evidence presented at trial, for even if we accept all appellant's allegations as true, they do not establish a case for a money judgment. Upon the record, it is arguable that the administrative officials charged with determining appellant's right to recover back pay failed to exercise the discretionary power vested in them by statute. It is also arguable that even if they did exercise their authority, they did so in such a way as to deprive appellant of administrative due process. Regardless of which conclusion is reached,

the appropriate remedy is not a money judgment, for it is possible that administrative officials, following proper procedure, would have reached the same result attained by the Commissioners. \We cannot presume appellant's right to be paid during the period of his suspension\ The appropriate remedy here was a remand to the Commissioners for reconsideration of appellant's claim in a manner consistent with administrative due process.

The critical question presented us is whether the trial court has jurisdiction to grant the relief called for. Could the trial judge issue an order in the nature of a mandatory injunction directing the Commissioners to reconsider the merits of appellant's claim?

If the relief sought was strictly equitable, the trial court lacked jurisdiction for it is not a court of general equity powers. Its equitable powers are limited to those necessary to fully and completely exercise its jurisdiction over actions involving personal property or for debt or damages within its $10,000 jurisdictional limit. Sheherazade, Inc. v. Mardikian, D.C.Mun.App., 143 A.2d 512 (1958).[1]

■■■ In the case at bar, the *ad damnum* clause of appellant's complaint demanded a money judgment. But a mere demand is not enough to convert an action calling for purely equitable relief into an action for a money judgment. No cause of action for personal property or debt or damages was ever alleged or proven. At most, the allegations in the complaint and the proof at trial made out a case for purely equitable relief. The trial court had no jurisdiction to grant relief in such an action.

Under the circumstances, the trial judge should not have rendered judgment on the merits of appellant's claim. Instead, the case should have been dismissed for

failure to state a claim for which the trial court had jurisdiction to grant relief. Accordingly, the judgment of the trial court will be vacated and the case remanded with instructions to dismiss. We do not, of course, express any view on the merits of appellant's claim.

It is so ordered.

---

1. Brown v. Greenwich Lounge, Inc., D.C.App., 225 A.2d 656, 657 (1967).