Edythe K. B. TROSHINSKY, Appellant,

v.

Gail ROSIN et al., Appellees.

No. 79–887.

District of Columbia Court of Appeals.

Argued Dec. 3, 1980.

Decided March 13, 1981.

Glenn P. Sugameli, Washington, D. C., with whom Richard Anthony Baenen, Washington, D. C., was on the brief, for appellant.

Thomas P. Meehan, Washington, D. C., with whom Richard M. Wexell, Washington, D. C., was on the brief, for appellees. Alan L. Seifert, Washington, D. C., also entered an appearance for appellees.

Before KELLY, KERN and PRYOR, Associate Judges.

PER CURIAM:

Appellant filed a complaint in the trial court (1) to set aside a presently recorded deed which she claims fraudulently conveyed to appellees title to certain realty in the District of Columbia, and (2) to impress a trust on this particular realty in her favor for (a) the amount of her dower interest

and (b) for the sum of $4,000[1] which she alleged she had paid to obtain an interest in such realty.

The court ruled that appellant was not entitled to a jury trial in light of the equitable relief sought in her suit and, after hearing appellant's evidence at trial, dismissed her case pursuant to Super.Ct.Civ.R. 41(b).[2]

The gravamen of appellant's case is that she was the common-law wife of the decedent Troshinsky at the time the realty in which he had an interest was wrongly conveyed to and recorded in the names of appellees. Accordingly, appellant argues that she was entitled to try before a jury the issue whether she had a valid common-law marriage with the deceased and consequently a dower right in all property in which he held an interest during their marriage. Appellant contends she also had a right to a jury trial on the issue whether the conveyance to appellees of the realty by the decedent, while she was living with him and had allegedly advanced $4,000 for such property, was fraudulently obtained.

▪ We are of opinion that the trial court was correct in concluding that appellant's complaint, which was entitled "to Set Aside a Deed, and Impress a Trust," was an action of equity since it sought equitable relief. *Edwards v. Woods*, D.C.App., 385 A.2d 780, 783 (1978); *Osin v. Johnson*, 100 U.S.App.D.C. 230, 233, 243 F.2d 653, 656 (1957). Therefore, we are not persuaded the case should have been heard by a jury. *See Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). The presence in the case of the issues whether appellant was the common-law wife of the dece-

dent and whether the conveyance to appellees was fraudulent do not require a jury determination so as to transmogrify appellant's complaint for equitable relief into a legal action since the court was able to sit as a trier of fact and determine these ultimate issues of fact.

▪ We take note that in the prayer of her complaint appellant also requested an award of punitive damages.[3] A mere claim for such money damages does not automatically classify a case as an action at law. *Guyton v. District of Columbia*, D.C.App., 245 A.2d 638, 640 (1968); *Swofford v. B. & W., Inc.*, 336 F.2d 406, 412–13 (5th Cir. 1964); *Baker v. City of Detroit*, 458 F.Supp. 379, 384 (E.D.Mich.1978). After careful appraisal of the basic nature of the issues presented and the type of relief sought, a trial judge is entitled to conclude that a punitive damage claim is so insubstantial that it cannot convert an equitable case into a legal action. *See Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Hildebrand v. Board of Trustees of Michigan State University*, 607 F.2d 705, 710 (6th Cir. 1979). We are satisfied that Judge Belson appraised correctly the circumstances of appellant's claim before entering his pretrial order denying appellant a jury trial.

As to the propriety of the trial court's dismissal of appellant's action upon the conclusion of the presentation of her case, we cannot say upon this record that the court's findings and conclusions were clearly erroneous or that its dismissal should be set aside as constituting an abuse of discretion. *See Taylor v. Washington Hospital Center,*

---

1. Appellant's original complaint sought to impress a trust for the sum of $8,000. However, during pretrial proceedings, this figure was reduced to $4,000 to reflect the actual amount that appellant alleged she had contributed toward purchase of the realty.

2. Super.Ct.Civ.R. 41(b) provides in pertinent part:

   After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant ... may move for a dismissal on the ground that upon the facts and the law the plaintiff has

shown no right to relief. The court as the trier of facts may then determine them and render judgment against the plaintiff....

3. Punitive damages have a unique character among claims for money which may be awarded by a trier of fact. They are designed to punish for willful or outrageous conduct, *Spar v. Obwoya*, D.C.App., 369 A.2d 173, 180 (1977), and, although they are awarded in "legal actions," such damages are not truly the sort of money claims typically triable at law by a jury. *Swofford v. B. & W., Inc.*, 336 F.2d 406, 412–13 (5th Cir. 1964).

D.C.App., 407 A.2d 585 (1979); *Rutledge v. Electric Hose and Rubber Co.*, 511 F.2d 668, 676 (9th Cir. 1975).

The weight of the evidence, as reflected in the court's findings, was that appellant and the decedent did *not* have a general reputation in the community as being married and hence, as the court concluded, could not have had a common-law marriage. *See Johnson v. Young*, D.C.App., 372 A.2d 992 (1977); *McCoy v. District of Columbia*, D.C.App., 256 A.2d 908, 910 (1969). The trial court found that appellant's allegation of fraudulent conveyance of the realty to appellees had not been proved by clear and convincing evidence, *see Bennett v. Kiggins*, D.C.App., 377 A.2d 57, 59 (1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1980), and we cannot say upon this record that the court was clearly wrong.

*Affirmed.*